Maude F. PRIDGEN et al., Appellants,

v.

Addie N. DAMON, Appellee.

No. 10450.

Court of Civil Appeals of Texas.

Austin.

Jan. 30, 1957.

Rehearing Denied Feb. 13, 1957.

Maude F. Pridgen, pro se.

Alice McDonald, pro se.

J. W. Wheeler, Austin, for appellee.

PER CURIAM.

Motion for new trial was overruled in this case on May 11, 1956. The transcript filed in this Court on July 5, 1956, disclosed that a cash deposit in lieu of an appeal bond was made in the court below on June 13, 1956. This was more than 30 days after motion for new trial was overruled and was too late if the time for making such deposit is the same as the time within which an appeal bond must be filed. Rule 356, Texas Rules of Civil Procedure.

On July 9, 1956, appellee filed an unsworn motion to dismiss the appeal on the ground that the cash deposit was made too late and that no appeal bond or affidavit of inability to pay costs was made.

Appellant made an unsworn answer to this motion in which she stated:

"That said appellant, Maude F. Pridgen made her appeal bond in due time and a check of fifty dollars was deposited with the clerk of the court, O. T. Martin, June 7, 1956, and accepted in lieu of bond, which is hereto attached for identification.

"Appellant also shows another check drawn on the Capital National Bank for sixty dollars, which was also accepted in lieu of bond and more than enough to perfect said appeal to the Court of Civil Appeals and the Supreme Court of Texas, which was accepted by the Clerk O. T. Martin, cashed and deposited June 15, 1956, showing said appeal in the above cause had been duly perfected and ordered filed in the Court of Civil Appeals for the Third Supreme Judicial District of Texas, July 9, 1956, according to the docket. No–10,450.

"There is no merit on appellee's motion to dismiss, as appellant's bond on a cash deposit was accepted by the court, as there was no contention filed by appellee on the grounds of cost, too late or otherwise, so the amount of deposit was timely and supposed to speak the truth, according to Rules 354–355–356, and filed by the clerk of the court, even if he did make his stamp file, read

as to the 13th of June 1956, two days late for filing.

"The clerk of the District Court should have not accepted the cash in lieu of cost bond, deposit same to his use and benefit for all costs of the lower court and the Appellate Court and the Supreme Court of Texas, and then be denied and criticised for an insipid excuse coming from appellee on a timely appeal by appellant."

There are two checks attached to this answer, both given by Maude F. Pridgen and payable to the clerk below, one dated June 7, 1956 in the sum of $50 bearing notation "Legal Papers on Appeal," the other dated June 11, 1956, in the sum of $60 and bearing notation "Record on Appeal."

Both checks were cashed June 15, 1956.

With the record in this condition we overruled the motion to dismiss on August 8, 1956. We did this for the reason that June 7, date of the $50 check, was within the 30-day period and we accepted appellant's statement regarding its acceptance by the District Clerk as correct.

June 11, date of $60 check was also timely since June 10, thirtieth day, was on Sunday. Rule 4, T.R.C.P.

Now in appellee's brief filed herein on August 29, 1956, we find the following certificate of the clerk below:

"I, O. T. Martin, Jr., Clerk of the District Courts, within and for the State and County aforesaid, do hereby certify that on June 7, 1956, in Cause No. 103,270, entitled Addie N. Damon vs. Maude F. Pridgen, et al., the Defendant, Maude F. Pridgen tendered a check in the sum of $50.00, payable to O. T. Martin, District Clerk, as a cash deposit, in lieu of an appeal bond; I further certify that at said time the said Maude F. Pridgen was informed that said amount was insufficient and could not be considered as a good and sufficient cash deposit in lieu of appeal bond and said tender was therefore refused; I further certify that on June 13th, 1956, the said Maude F. Pridgen, tendered into court said $50.00 check and an additional check in the amount of $60.00, making a total sum of $110.-00; I further certify that said $60.00 check was written in the District Clerk's office on June 13, 1956, and dated June 11, 1956."

Appellee insists that the appeal be dismissed.

■ Neither Rule 354 nor Rule 356, T.R.C.P., prescribes the time within which a deposit in lieu of an appeal bond should be made but Rule 354 states that such deposit "shall have the force and effect of an appeal bond." We believe such language to imply that Rule 356 prescribing the time within which to file an appeal bond is applicable to a deposit in lieu of costs.

■ Appellant has not seen fit to refute the above certificate of the clerk below and we accept its contents as true. Since no deposit in lieu of an appeal bond was timely made we are without jurisdiction of this appeal. Thorpe v. Thorpe, Tex.Civ.App. Austin, 294 S.W.2d 724.

The Clerk of the Court below should not have accepted a late deposit for costs and the Clerk of this Court should not have accepted a $25 filing fee for filing the transcript herein.

The appeal is dismissed.

Appeal dismissed.