Clara L. WASHINGTON, Appellant,

v.

GOLDEN STATE MUTUAL LIFE INSURANCE COMPANY, Appellee.

No. 14911.

Court of Civil Appeals of Texas.

Houston.

July 7, 1966.

Rehearing Denied Sept. 8, 1966.

Robert W. Hainsworth, Houston, for appellant.

Baker, Botts, Shepherd & Coates, John Held, Houston, for appellee.

COLEMAN, Justice.

The question presented is whether the time for the filing of an appeal bond runs from the date of the signing of an order overruling a motion for new trial where the motion was presented within thirty days of its filing and the ruling of the court was announced, but the order was not signed by the court until after the expiration of forty-five days.

In this case the judgment was signed February 24, 1966. A motion for new trial was filed on March 5, 1966. The order overruling the motion for new trial recites that it came on to be heard on April 11, 1966 and that it was signed April 26, 1966. The appeal bond was filed on May 20, 1966.

Rule 329-b, Texas Rules of Civil Procedure, provides that all motions for new trial "must be determined within not exceeding forty-five (45) days after the original * * * motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date." No written agreement of the parties postponing the decision appears in the transcript. The forty-five day period expired April 19, 1966.

Rule 356, T.R.C.P., requires bonds for costs on appeal to be filed within thirty days after the date of judgment or order overruling motion for new trial. Compliance with this rule has been held to be mandatory and jurisdictional to an appeal. The time limits prescribed cannot be dispensed with or enlarged by this Court for any reason. Glidden Co. v. Aetna Casualty & Surety Co., 1956, 155 Tex. 591, 291 S.W.2d 315; Neuhoff Bros., Packers v. Acosta, Tex.Civ.App.1959, 319 S.W.2d 416, aff'd 160 Tex. 124, 327 S.W.2d 434.

Where no order overruling a motion for new trial is signed by the trial court, the motion is overruled by operation of law after forty-five days and the period within which the appeal bond must be filed begins. Lucchese v. Specia, Tex.Civ.App.1955, 281 S.W.2d 725, error ref.; Texas Employers

Ins. Ass'n v. Martin, 1961, 162 Tex. 376, 347 S.W.2d 916.

The judgment of the trial court overruling the motion for new trial was rendered on the day it was signed. Rule 306a, T.R.C.P.; Ex Parte Godeke, 1962, 163 Tex. 387, 355 S.W.2d 701.

Since the order overruling the motion for new trial was rendered after the expiration of forty-five days from the date it was filed, it was a nullity since the motion had been previously overruled by operation of law. Lucchese v. Specia, supra; Martinez v. Stephens, Tex.Civ.App., 1952, 246 S.W.2d 707.

The period within which the appeal bond had to be filed to confer jurisdiction on this Court, therefore, began on April 19, 1966, the day the motion for new trial was overruled by operation of law. The last day for filing was May 19, 1966. The cost bond was filed on May 20, 1966. This Court acquired no jurisdiction of the case, and the appeal is ordered dismissed.

BELL, C. J., not sitting.