Peter **ABINGTON** et al., Appellants,

v.

E. V. **GOSS**, Appellee.

No. 16853.

Court of Civil Appeals of Texas.

Dallas.

Oct. 7, 1966.

Rehearing Denied Nov. 4, 1966.

Pat S. Russell and Allen Melton, Dallas, for appellants.

June R. Welch and D. B. Mason, Dallas, for appellee.

DIXON, Chief Justice.

Appellee Emanuel V. Goss has filed a motion to dismiss this appeal, on the ground that appellants have not filed an appeal bond. We have concluded that the motion must be sustained.

Appellants are attempting to appeal from an adverse judgment of the District Court, which judgment was to the effect that appellants, contestants in a will case, take nothing by their suit.

Part III, Section 1, of Vernon's Texas Rules of Civil Procedure, Rules 352 to 369–a, inclusive, prescribe procedures necessary to perfect an appeal to the Court of Civil Appeals. Rule 354 provides for the filing of a cost bond to be approved by the clerk; or in lieu of a cost bond, a cash deposit with the clerk equal to the estimated

costs in the trial court and the cost of the statement of facts and the transcript, less such sums as may have been paid by appellant. If a cash deposit is made the clerk must file his certificate showing the deposit has been made and copy the certificate in the transcript. Since this is an appeal from a district court the approval of the bond or the certificate of the cash deposit would necessarily be made by the District Clerk.

Rule 355, T.R.C.P. stipulates that a party who is unable to pay the costs or give security therefor may prosecute his appeal by filing an affidavit of inability to pay costs or give security.

Rule 356, T.R.C.P. provides that the cost bond or the cash deposit shall be filed with the clerk within thirty days after rendition of judgment or the overruling of a motion for new trial. The affidavit in lieu of costs shall be filed in not more than twenty days of the rendition of such judgment or order.

■ The above rules are mandatory and jurisdictional. Compliance cannot be waived. The time for filing the bond, cash deposit, or affidavit cannot be enlarged. Failure to comply requires a dismissal of the appeal. The Glidden Co. v. Aetna Casualty & Surety Co., 155 Tex. 591, 291 S.W.2d 315, 318 (Tex.S.Ct.); Aaronson v. Silver, Tex.Civ.App., 304 S.W.2d 218 (ref. n. r. e.); Pridgen et al. v. Damon, Tex. Civ.App., 298 S.W.2d 278 (writ ref.).

In this case appellants did not file an appeal bond, or make a cash deposit with the District Clerk; or file an affidavit of inability to pay costs or give security therefor. There is no estimate of costs and no certificate by the District Clerk.

In their answer to appellee's motion to dismiss appellants point out that when they took their appeal to the District Court from an adverse judgment in the Probate Court

the Judge of the Probate Court fixed the amount of a cash deposit for costs at $250. This was in compliance with Rule 333, T.R. C.P., which rule appears in Vernon's Annotated Rules under the heading "Review By District Courts Of County Court Rulings." No one questions that the compliance with Rule 333 enabled appellants to perfect their appeal from the Probate Court to the District Court.

■ But the cash deposit with the County Clerk for the appeal from the Probate Court to the District Court is not a cash deposit for an appeal from the District Court to the Court of Civil Appeals. It was not so intended in this case, as is plainly shown by the order of the Probate Judge. The Probate Court's judgment admitting the will to probate concludes with these words: "* * * to all of which contestants gave notice of appeal to the District Court of Dallas County and bond for such appeal is set at $250.00." (Emphasis ours.)

The transcript in the appeal before this court contains an order signed by a District Judge which order undertakes to find that the $250 deposited by appellants with the County Clerk of Dallas County for the appeal from the Probate Court to the District Court is adequate to cover the costs in the trial courts, the Court of Civil Appeals and the Supreme Court without making any further deposits or filing an appeal bond.*

■ We know of no statute, rule or judicial decision which authorizes a District Judge to make the above findings or to decree that a deposit with the County Clerk for an appeal from the Probate Court to the District Court is an adequate deposit for appeal from the District Court to the Court of Civil Appeals, thereby dispensing with the filing of an appeal bond for the latter appeal. It is the Clerk, not the Judge, who

* This order was not signed by the Hon. Clarence A. Guittard, Judge of the 14th District Court, who tried the case and rendered the judgment from which appellants have attempted to appeal. The order was presented to and signed by another Judge who was sitting for the Judge of the 14th District Court.

must approve the bond. Hill v. Halliburton, 32 Tex.Civ.App. 21, 73 S.W. 21.

It has been held that in the absence of a showing that the Clerk has estimated the costs of appeal and approved the appeal bond the appeal must be dismissed. Horton v. Stone, Tex.Civ.App., 268 S.W.2d 247. We think the holding is equally applicable in regard to a cash deposit for costs.

The appeal is dismissed.