Georgia L. FLOWERS, Appellant,

v.

Herbert MUSE, Appellee.

No. 14647.

Court of Civil Appeals of Texas.

San Antonio.

April 3, 1968.

Rehearing Denied May 1, 1968.

Greene, Stolhandske, Benbow & Gross, San Antonio, for appellant.

Wiley & Plumb, San Antonio, for appellee.

PER CURIAM.

This is an appeal from a take-nothing judgment entered on a jury verdict in appellant's suit to recover damages for personal injuries sustained in an automobile accident. An examination of the record before us raises a preliminary question of our jurisdiction because of appellant's failure to timely file her appeal bond.

Rule 356, Texas Rules of Civil Procedure, provides that the appeal bond shall be filed with the Clerk within thirty days after rendition of judgment or order overruling motion for new trial. This rule is mandatory and jurisdictional and compliance cannot be waived. Glidden Co. v. Aetna Cas. & Surety Co., 155 Tex. 591, 291 S.W.2d 315 (1956); Washington v. Golden State Mutual Life Ins. Co., 405 S.W.2d 856 (Tex.Civ.App.—Houston 1966, writ ref'd, 408 S.W.2d 227, Tex.Sup.1966); Abington v. Goss, 408 S.W.2d 317 (Tex.Civ. App.—Dallas 1966, writ ref'd n. r. e.); Meinders v. Shamrock Oil & Gas Corp., 401 S.W.2d 106 (Tex.Civ.App.—Amarillo

1966, no writ); Bellmead State Bank v. Campbell, 386 S.W.2d 205 (Tex.Civ.App.—Waco 1964, no writ); Jones v. Campbell, 188 S.W.2d 679 (Tex.Civ.App.—Fort Worth 1945, writ ref'd).

Judgment was entered in this cause on April 27, 1967, and a motion for new trial was filed by appellant on May 4, 1967. On June 16, 1967, the parties entered into a written agreement postponing the hearing of said motion for rehearing until June 19, 1967. The motion for rehearing was overruled by an order signed on June 30, 1967, although said order recites that the motion was heard on June 19, 1967. Appellant filed her appeal bond on July 28, 1967. We have jurisdiction if the time is computed from the time of signing of the order overruling appellant's motion for new trial. On the other hand, if the motion for new trial was overruled by operation of law on June 19, 1967, the bond was filed too late. We must construe Rules 306a and 329b, T.R.C.P., to determine the applicable date.

Rule 329b provides that all motions for new trial "must be determined within not exceeding forty-five (45) days after the original * * * motion is filed, unless by one or more successive written agreements of the parties in the case filed with the clerk of the court the decision of the motion is postponed to a day certain specifically set out in any such agreement." Further, that in the event the decision of the motion is postponed by written agreement, the motion will be overruled by operation of law on the day certain agreed upon unless sooner determined by the court.

■ It is settled that where no order overruling a motion for new trial is signed by the trial court prior thereto, the motion is overruled by operation of law forty-five days after it is filed, unless the time is postponed in accordance with the rule, and any order entered thereafter purporting to overrule said motion is a nullity. Washington v. Golden State Mutual Life Ins.

Co., supra; Alamo Federal Credit Union v. Celedon, 415 S.W.2d 717 (Tex.Civ.App.—San Antonio 1967, writ ref'd n. r. e.); Hernandez v. Baucum, 338 S.W.2d 481 (Tex.Civ.App.—San Antonio 1960, no writ); Martinez v. Stephens, 246 S.W.2d 707 (Tex.Civ.App.—San Antonio 1952, no writ).

■ Here there was a written agreement postponing the decision until June 19, 1967. Therefore, the motion was timely heard. The order overruling the motion for new trial was not signed until June 30, 1967, which was eleven days after termination of the date agreed upon for determining said motion. Rule 306a provides in effect that the date of rendition of an order on a motion is the date that it is reduced to writing and signed by the judge, insofar as the rendition relates to the computation of the time for perfecting an appeal. This rule contemplates the signing of a valid order and not an invalid one. The identical question was considered by this Court in Martinez v. Stephens, supra, and Hernandez v. Baucum, supra, and it held that the motion for new trial was overruled by operation of law on expiration of the forty-five day period, and that the subsequent signing of an order overruling said motion was a nullity. Therefore, the time for computing the appellate steps began on the date the motion was overruled by operation of law.

Since the agreed time for hearing the motion for new trial in this case terminated on June 19, 1967, appellant's motion for new trial was overruled by operation of law on that date. The subsequent order overruling said motion which was signed on June 30, 1967, was therefore a nullity. Appellant's bond was not filed until July 28, 1967, which was thirty-nine days after said motion was overruled by operation of law. This was not timely under Rule 356, supra, and we have no alternative but to dismiss this appeal for want of jurisdiction.

The appeal is dismissed.