**Earl ANDERSON, Jr., and wife, Sharon Anderson, Appellants,**

v.

**James W. MOSS, and wife, Opal D. Moss, Appellees.**

No. 8007.

Court of Civil Appeals of Texas.

Amarillo.

July 28, 1969.

**202**

Folley, Snodgrass & Calhoun, Amarillo, for appellants.

D. Lyman Stubblefield, of Clayton & Clayton, Amarillo, for appellees.

PER CURIAM.

This is an appeal from a judgment entered on a jury verdict in favor of the plaintiffs, enjoining and restraining the defendants from using Lots Numbers 17 and 18 in Block 4, Owners Subdivision, Mary Gould Acres, Amarillo, Potter County, Texas, for the purpose of housing poultry, cows, horses or other livestock or for any other purpose than residential purposes. The judgment was entered on February 7, 1969. Defendants filed their motion for new trial on February 17, 1969. No action was taken by the court upon defendants' motion for new trial and same was overruled by operation of law after the expiration of 45 days from date of filing the motion for new trial, the expiration date being April 3, 1969. The record herein shows the time for hearing the motion for new trial terminated on April 3, 1969 and appellants' motion for new trial was overruled by operation of law on that date. Appellants' appeal bond was filed May 9, 1969, which was 36 days after said motion was overruled by operation of law.

The rule seems to be well established in this state that the appeal bond shall be filed with the clerk within thirty days after the rendition of the order overruling the motion for new trial. See Flowers v. Muse, 427 S.W.2d 727 (Tex.Civ.App., Writ Ref.), where it is stated as follows:

"Rule 356, Texas Rules of Civil Procedure, provides that the appeal bond shall be filed with the Clerk within thirty days after rendition of judgment or order overruling motion for new trial. This rule is mandatory and jurisdictional and compliance cannot be waived. Glidden Co. v. Aetna Cas. & Surety Co., 155 Tex. 591, 291 S.W.2d 315 (1956); Washington v. Golden State Mutual Life Ins. Co., 405 S.W.2d 856 (Tex.Civ.App.-Houston 1966, writ ref'd, 408 S.W.2d 227, Tex.Sup. 1966); Abington v. Goss, 408 S.W.2d 317 (Tex.Civ.App.-Dallas 1966, writ ref'd n. r. e.); Meinders v. Shamrock Oil & Gas Corp., 401 S.W.2d 106 (Tex.Civ. App.-Amarillo 1966, no writ); Bellmead State Bank v. Campbell, 386 S.W.2d 205 (Tex.Civ.App.-Waco 1964, no writ); Jones v. Campbell, 188 S.W.2d 679 (Tex. Civ.App.-Fort Worth 1945, writ ref'd)."

Since this bond was not timely filed under Rule 356, supra, we have no alternative but to dismiss this appeal for want of jurisdiction.

The appeal is dismissed.