Philip I. ROTH, Appellant,

v.

**MARYLAND AMERICAN GENERAL IN-SURANCE COMPANY, Appellee.**

No. 14869.

Court of Civil Appeals of Texas,
San Antonio.

May 6, 1970.

Rehearing Denied June 3, 1970.

Southers, Mendelsohn, Goldberg & Lyons, San Antonio, for appellant.

Clemens, Knight, Weiss & Spencer, San Antonio, for appellee.

On Motion to Dismiss Appeal.

PER CURIAM.

This is an appeal from a judgment in the sum of. $50,288.01 entered on a jury verdict in appellee's suit to recover damages from appellant. Appellee has filed its motion to dismiss this appeal for lack of jurisdiction, and as ground therefor asserts that appellant's appeal bond, which was filed on September 20, 1969, was not timely filed.

Rule 356, Texas Rules of Civil Procedure, provides that the appeal bond shall be filed with the Clerk within thirty days after rendition of judgment or order overruling motion for new trial. This rule is mandatory and jurisdictional and compliance cannot be waived. Glidden Co. v. Aetna Casualty & Surety Co., 155 Tex. 591, 291 S.W.2d 315 (1956); Washington v. Golden State Mutual Life Insurance Co., 405 S.W.2d 856 (Tex.Civ.App.—Houston 1966, writ ref'd 408 S.W.2d 227); Azopardi v. Hollebeke, 428 S.W.2d 167 (Tex.Civ.App.—Waco 1968, no writ); Flowers v. Muse, 427 S.W.2d 727 (Tex.Civ.App.—San Antonio 1968, writ ref'd); Abington v. Goss, 408 S.W.2d 317 (Tex.Civ.App.—Dallas 1966, writ ref'd n. r. e.); Meinders v. Shamrock Oil & Gas Corp.,

401 S.W.2d 106 (Tex.Civ.App.—Amarillo 1966, no writ); Bellmead State Bank v. Campbell, 386 S.W.2d 205 (Tex.Civ.App.—Waco 1964, no writ); Jones v. Campbell, 188 S.W.2d 679 (Tex.Civ.App.—Fort Worth 1945, writ ref'd).

■ The judgment herein was signed on May 29, 1969, and appellant's amended motion for new trial was timely filed on June 30, 1969. The motion was heard on August 8, 1969, pursuant to an order setting the hearing for this date. At the conclusion of the hearing, the trial court announced that the motion for new trial was overruled and directed one of the parties to prepare an order to this effect. Such order was prepared by appellee's attorney and mailed to the attorney for appellant; however, same became misplaced and was not presented to the trial court by appellant's attorney until August 19, 1969. In the meantime, appellee's attorney, by his letter of August 19, 1969,[1] prepared and mailed to the trial court another proposed order overruling such motion. On August 20, 1969, the trial court signed the original proposed order which was presented to him by appellant's attorney.

Rule 329b (4), T.R.C.P., provides in part that an amended motion for new trial "will be overruled by operation of law forty-five (45) days after the same is filed, unless disposed of by an order rendered on or before said date." Therefore, appellant's amended motion for new trial was overruled by operation of law on August 14, 1969. The order subsequently entered on August 20, 1969, purporting to overrule such motion is a nullity and cannot have the effect of extending the time for filing the record in this Court. Washington v. Golden State Mutual Life Ins. Co., supra; Azopardi v. Hollebeke, supra; Lucas v. Windham, 439 S.W.2d 159 (Tex.Civ.App.—San Antonio 1969, no writ); Flowers v. Muse, supra; Lucchese v. Specia, 281 S.W.2d 725 (Tex.Civ.App.—San Antonio, writ ref'd).

■ Appellant urges that appellee's letter of August 19, 1969,[1] together with appellant's letter of the same date to appellee's attorney[2] constituted an agreement in writing which extended the time for determining the motion for new trial until August 20, 1969. Section 3 of Rule 329b, supra, provides in part that: "All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by one or more successive written agreements of the

1.
August 19, 1969

Honorable Richard J. Woods

Dear Judge Woods:

Mr. Mendelsohn misplaced the Order Overruling Defendant's Motion for New Trial which we sent him last week. We have prepared another Order and enclose it herewith.

We will appreciate your having your clerk notify us when the Order has been entered. We enclose a stamped, addressed envelope for your convenience.

Very truly yours,
Theo. F. Weiss

cc: Mr. Les Mendelsohn

2.
August 19, 1969

Mr. Theo F. Weiss

Dear Sir:

On August 14, 1969, I mailed you a copy of our amended motion for new trial. I have approved the order overruling the motion for new trial and have presented the same to Judge Woods for his signature.

Yours very truly
Les Mendelsohn

parties in the case filed with the clerk of the court the decision of the motion is postponed to a day certain specifically set out in any such agreement."

We have carefully considered the two letters of August 19, 1969, and conclude that even under a liberal construction such letters, written after expiration of the forty-five day period, do not constitute an agreement of the parties postponing the decision of the motion until August 20, 1969. Holland v. Foley Brothers Dry Goods Company, 324 S.W.2d 430 (Tex.Civ.App.—Texarkana 1959, writ ref'd). Accordingly, appellant's appeal bond which was filed on September 19, 1969, was not timely filed under Rule 356, supra, and we have no alternative but to dismiss this appeal for want of jurisdiction.

The appeal is dismissed.