**Tandy A. KOLB and Joy L. Kolb, Appellants,**

**v.**

**CENTRAL FREIGHT LINES, INC., Appellee.**

**No. 4919.**

Court of Civil Appeals of Texas, Waco.

June 4, 1970.

Rehearing Denied July 16, 1970.

Charles W. Robinson, Waco, for appellants.

Ralph E. Hartman, Dallas, for appellee.

## OPINION

WILSON, Justice.

The judgment in this personal injury jury case was rendered December 16, 1969. The prerequisite motion for new trial was filed on the same date. Appellee admits that the written postponement agreement entered into with appellant is that set out in the footnote,[1] and that a hearing was

---

1. "In accordance with the provisons of Section Three (3) of Rule 329b of the Texas

Rules of Civil Procedure, providing for postponement of the date of determination

had on the date specified, February 26, 1970. March 3, 1970 the court signed an order purporting to overrule the motion for new trial. The transcript was filed in the Court of Civil Appeals April 28, 1970.

Appellee contends that since Rule 329b, subd. 3, Texas Rules of Civil Procedure,[2] only authorizes written agreements to postpone the *decision* of the motion for new trial, and not the "hearing", the quoted agreement may not be construed as one to postpone decision, as distinguished from hearing. Appellee cites Texas Employers' Insurance Association v. Martin, 162 Tex. 376, 347 S.W.2d 916 (1961), where the Supreme Court expressed doubt that a motion to postpone "hearing" substantially complied with subdivision 3; and Holland v. Foley Bros. Dry Goods Co. (Tex.Civ.App., Texarkana, 1959) 324 S.W.2d 430, writ ref., holding it essential that the agreement to postpone decision specify a fixed, certain date.[3]

If this contention should be sustained, under Rule 329b the motion for new trial must be held, of course, to have been overruled by operation of law January 30, 1970, 45 days after it was filed, and the transcript was filed too late. It is not necessary, however, to pass on this contention, or to construe the agreement to determine intention of the parties.

The court did not "determine" the motion on the date specified by the requisite written agreement. It was not determined until five days later. The Rule expressly restricts the postponement by written agreement "to a day certain specif-

ically set out" in the agreement; not to some later date.

The March order purporting to overrule the motion for new trial was a nullity. Flowers v. Muse (Tex.Civ.App., San Antonio, 1968) 427 S.W.2d 727, writ ref. Consequently the motion was overruled by operation of law, under Rule 329b, 45 days after filing, and the transcript was not timely filed. Rule 386. The appeal is dismissed.

of a Motion for New Trial to a day certain specifically set out,
It is hereby agreed by and between the undersigned parties that plaintiff's motion for new trial may be heard on February 26, 1970, at 10:00 a.m."

2. "3. All motions and amended motions for new trial must be *determined* within not exceeding forty-five (45) days after the original or amended motion is filed, unless by one or more successive written

agreements of the parties in the case filed with the clerk of the court the *decision* of the motion is postponed to a day certain specifically set out in such agreement. Any such day certain shall not be more than ninety (90) days after such original or amended motion is filed."

3. Subd. 4, Rule 329b, authorizes postponement of *presentation* of the motion for new trial at the court's limited discretion.