**Gustavo Lomelin GUERRA, Appellant,**

v.

**D. J. FLETCHER, d/b/a Fletcher Butane Company, Appellee.**

**Motion No. A 2524.**

Court of Civil Appeals of Texas, San Antonio.

Jan. 5, 1972.

Rehearing Denied Jan. 26, 1972.

David Hume, V. F. Knickerbocker, Eagle Pass, for appellant.

Watt Murrah, Del Rio, for appellee.

PER CURIAM.

On December 22, 1971, appellant filed a motion for extension of time to file the transcript in his appeal from a judgment entered on July 9, 1971, which motion has been contested by appellee. The motion on its face raises a question of our jurisdiction under Rule 386, Texas Rules of Civil Procedure.

On December 28, 1971, the transcript was tendered to our Clerk. It is seen that an amended motion for new trial was timely filed by appellant on August 9, 1971, and set for hearing on September 21, 1971, by written order. On October 21, 1971, an order was signed overruling the amended motion for new trial. This order recites in part that said motion " . . . had been set to be heard by the Court on September 21st, 1971, and which hearing had been continued to October 15, 1971, by agreement of the Court and attorneys for both parties." Notice of appeal is in the judgment and, therefore, timely filed. However, the appeal bond was not filed until November 19, 1971. Thus to be timely, the appeal must be based on the order of October 21, 1971.

Although this was a summary judgment, appellant had the right to file a motion for new trial and predicate his appeal upon the overruling of said motion. Rule 323, T.R.C.P.; Park v. Essa Texas Corporation, 158 Tex. 269, 311 S.W.2d 228 (1958). Nevertheless, a serious question is presented at the outset as to whether said amended motion for new trial was timely determined by the trial court or overruled by operation of law. Rule 329b, Subdivision 3, provides in part that "[a]ll motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, *unless by one or more successive written agreements of the parties*

*in the case filed with the clerk of the court* the decision of the motion is postponed to a day certain specifically set out in any such agreement." (Emphasis supplied.) Appellant's amended motion for new trial was overruled by operation of law on September 23, 1971, unless the time for determination was postponed in accordance with this rule. There is no written agreement in the tendered record, although the order overruling such motion recites that an agreement was made. Clearly, such recitation does not meet the requisites of the rule. Texas & New Orleans Railroad Company v. Arnold, 388 S.W.2d 181 (Tex. 1965).

■■■ Assuming arguendo that a valid written agreement was entered into whereby the time for determining such motion was extended until October 15, 1971, as recited in the order overruling the motion for new trial, the motion for new trial would be overruled by operation of law on that date; and the subsequent order signed on October 21, 1971, would be a nullity. Rule 329b, Subdivision 4, provides in part that "[i]n the event the decision of the motion is postponed by any written agreement as provided in subdivision 3 of this Rule then any such original or amended *motion, if not determined by the court, will* be overruled by operation of law . . . . on the latest day certain agreed upon, . . . .." See: Flowers v. Muse, 427 S. W.2d 727 (Tex.Civ.App.—San Antonio 1968, writ ref'd); Kolb v. Central Freight Lines, Inc., 456 S.W.2d 561 (Tex.Civ.App. —Waco 1970, no writ).

Rule 356, T.R.C.P., provides that the appeal bond shall be filed within thirty days after the order overruling motion for new trial. This rule is mandatory and jurisdictional, and compliance cannot be waived. Roth v. Maryland American General Insurance Co., 454 S.W.2d 779 (Tex.Civ.App. —San Antonio 1970, writ ref'd); Washington v. Golden State Mutual Life Insurance Co., 405 S.W.2d 856 [Tex.Civ.App.— Houston 1966, writ ref'd 408 S.W.2d 227 (1966), cert. denied 386 U.S. 1007, 87 S.Ct.

1349, 18 L.Ed.2d 434, reh. den. 387 U.S. 938, 87 S.Ct. 2049, 18 L.Ed.2d 1006 (1967)]. Here the appeal bond was filed on November 19, 1971, which was more than thirty days after September 23, 1971, or even October 15, 1971. Therefore, the appeal was not timely perfected.

Appellant's motion for extension of time is denied.