**HELDT BROTHERS TRUCKS, a Partnership et al., Appellants,**

v.

**Leonel Romeo ALVAREZ et al., Appellees.**

No. 15071.

Court of Civil Appeals of Texas, San Antonio.

Feb. 16, 1972.

Rehearing Denied March 22, 1972.

Lloyd, Lloyd, Ellzey & Lloyd, Alice, Pope & Pope, Rio Grande City, for appellants.

Frank R. Nye, Jr., Alex W. Gabert, Rio Grande City, Carl H. Judin, Jr., Atlas, Schwartz, Gurwitz & Bland, McAllen, for appellees.

PER CURIAM.

Appellees have filed motion to dismiss for want of jurisdiction the appeal filed herein on January 14, 1972, by appellants from a judgment entered on a jury verdict in appellees suit to recover damages growing out of a collision. We heretofore affirmed an order overruling appellants' pleas of privilege in the same suit. See 461 S.W.2d 448, Tex.Civ.App., 1970, writ dismissed.

The judgment was signed on September 24, 1971, after a jury trial. Appellants filed their motion for new trial on September 29, 1971. On October 18, 1971, and on November 13, 1971, the trial court signed orders, whereby the time for filing an amended motion for new trial was extended until November 16, 1971, and December 16, 1971, respectively. These orders were based upon motions filed by appellants, wherein it was asserted that the statement of facts was necessary for preparation of such amended motion, and the court reporter needed additional time for preparing the statement of facts. An amended motion for new trial was filed by appellants on November 30, 1971, and overruled by order signed on December 9, 1971. The appeal bond was filed on December 16, 1971.

Appellees urge by their motion to dismiss for want of jurisdiction that the motion for new trial was overruled by operation of law on November 13, 1971; and, accordingly, the appeal bond was not timely filed within thirty days as required by Rule 356, Texas Rules of Civil Procedure. Clearly, the appeal was timely perfected from the date of the order overruling appellants' amended motion for new trial; and, therefore, our jurisdiction turns on the question of whether such amended motion for new trial was properly filed.

■ Rule 329b, T.R.C.P., applies by its express terms, to motions for new trial filed in all district and county courts.[1] Subdivision 1 provides: "A motion for new trial when required shall be filed within ten (10) days after the judgment or other order complained of is rendered."

1. The 229th District Court has continuous terms. However, since the amendment of Article 1919, V.A.C.S., effective January 1, 1956, the terms of court no longer have any real significance.

Subdivision 2 provides in part: "An original motion for new trial . . . may be amended without leave of the court. Said amended motion shall be filed before the original is acted upon and *within twenty (20) days after the original motion for new trial is filed*." (Emphasis supplied). Thus, it is seen that there is no provision for the trial court to extend the time for filing the original or an amended motion for new trial. Furthermore, Rule 5, supra, expressly prohibits such an enlargement of the time by the trial court.

In A. F. Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853 (1952), the Supreme Court considered the effect of Rules 320 and 5, and held that the trial court was without authority to enlarge the time for filing an original motion for new trial. A similar holding was made in construing Article 2092, Subdivision 29, Vernon's Annotated Civil Statutes, which provides in part that a motion for new trial, ". . . may be amended by leave of the Court at any time before it is acted on within twenty (20) days after it is filed." See: Millers Mutual Fire Ins. Co. of Texas v. Wilkirson, 124 Tex. 312, 77 S.W.2d 1035 (1934). See also: Texas & New Orleans Railroad Co. v. Arnold, 388 S.W.2d 181 (Tex.1965); Chantre v. National Maritime Union Pension & Welfare Plan, 425 S.W.2d 659 (Tex.Civ.App.—Beaumont 1968, no writ); Howard v. Bolin Warehouses, Inc., 422 S.W.2d 489 (Tex.Civ.App. —Texarkana 1967, no writ); Hartford Accident & Indemnity Co. v. Gladney, 335 S.W.2d 792 (Tex.Civ.App.—Waco 1960, writ ref'd n. r. e.).

▇ Here the amended motion for new trial was filed by appellants long after expiration of the twenty days provided by Rule 329b, Subdivision 2. It, therefore, was a nullity and did not operate to extend the time for perfecting their appeal. Miller v. Esunas, 401 S.W.2d 150 (Tex.Civ. App.—Tyler 1966, writ ref'd n. r. e.).

We, therefore, must look to appellants' original motion for new trial for our juris-diction. Such motion was filed on September 29, 1971. Subdivision 3 of Rule 329b, supra, provides in part: "All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by one or more successive written agreements of the parties in the case filed with the clerk of the court the decision of the motion is postponed to a day certain specifically set out in any such agreement." Here there was no agreement to postpone the time for determination of such motion.

▇ It is settled that where no order overruling a motion for new trial is signed by the trial court prior thereto, the motion is overruled by operation of law forty-five days after it is filed, and any subsequent order purporting to overrule said motion is a nullity. Kolb v. Central Freight Lines, Inc., 456 S.W.2d 561 (Tex.Civ.App.—Waco 1970, no writ); Flowers v. Muse, 427 S. W.2d 727 (Tex.Civ.App.—San Antonio 1968, writ ref'd). The forty-five-day period expired on November 13, 1971; however, inasmuch as this was Saturday, the time was extended until November 15, 1971. Rule 4, supra; Alamo Federal Credit Union v. Celedon, 415 S.W.2d 717 (Tex. Civ.App.—San Antonio 1967, writ ref'd n. r. e.).

▇ Rule 356, supra, provides that the appeal bond shall be filed within thirty days after the order overruling motion for new trial. This rule is mandatory and jurisdictional, and compliance cannot be waived. Roth v. Maryland American General Insurance Co., 454 S.W.2d 779 (Tex. Civ.App.—San Antonio 1970, writ ref'd); Washington v. Golden State Mutual Life Insurance Co., 405 S.W.2d 856 [Tex.Civ. App.—Houston 1966, writ ref'd, 408 S.W. 2d 227 (Tex.1966)]. Here the appeal bond was filed on December 16, 1971, which was more than thirty days after November 15, 1971. Therefore, the appeal was not timely perfected.

Appellees' motion to dismiss the appeal for want of jurisdiction is granted and said appeal is hereby dismissed at appellants' cost.