**Rosemary Elizabeth LOWRY, Appellant,**

v.

**Wendell Harris LOWRY, Appellee.**

**No. 11926.**

Court of Civil Appeals of Texas,
Austin.

May 31, 1972.

Rehearing Denied June 21, 1972.

Kenneth W. Thelander, Houston, Davenport & Davenport, Fairy Davenport Rutland, Austin, for appellant.

No brief filed for appellee.

SHANNON, Justice.

■ Appellant, Rosemary Elizabeth Lowry, appeals from a judgment of District Court of Travis County in a divorce case. The appeal will be dismissed for want of jurisdiction since appellant's cost bond was filed more than thirty days after the motion for new trial was overruled by operation of law.

The judgment was signed in this cause on June 10, 1971, and appellant filed her motion for new trial on June 18, 1971. On July 15, 1971, the parties signed and filed an agreement that the decision of the court relative to the motion for new trial would be postponed to September 3, 1971. Appellant's motion for new trial was not determined by the court on September 3. On September 3, some seventy-eight days after the original motion for new trial was filed, appellant filed her "amended motion for new trial." On October 27, 1971, the court signed an order purporting to overrule appellant's "amended motion for new trial." Appellant filed her notice of appeal on November 5, 1971, and filed her cost bond on November 29, 1971.

■ Rule 329b provides that in the event the decision on the motion for new trial is postponed by written agreement, and the decision is not made by the court, then the motion will be overruled by operation of law ninety days after it was filed or on the "latest day certain agreed upon, whichever occurs first." The parties in this case signed and filed an agreement that the decision of the court relative to the motion for new trial would be postponed to September 3, 1971. On September 3, the decision on the motion for new trial was not determined by the court, and it was overruled by operation of law on that date. Flowers v. Muse, 427 S.W.2d 727 (Tex.Civ.App.1968, writ ref'd).

■ Subdivision 2 of Rule 329b, Texas Rules of Civil Procedure, requires that an amended motion for new trial be filed within twenty days after the original motion for new trial is filed. Appellant filed her "amended motion for new trial" on September 3, 1971, some seventy-eight days after the original motion for new trial was filed. Under these circumstances, the "amended motion for new trial" was but a nullity. Arana v. Gallegos, 279 S.W.2d 491 (Tex.Civ.App.1955, no writ).

■ Even assuming that the "amended motion for new trial" were validly filed, then it would have been overruled by operation of law on October 18, 1971. The subsequent order of the court dated October 27, 1971, purporting to overrule the "amended motion for new trial" was a nullity. Lucchese v. Specia, 281 S.W.2d 725 (Tex.Civ.App.1955, writ ref'd).

■ Rule 356, Texas Rules of Civil Procedure, requires cost bonds to be filed within thirty days after the date of the judgment or order overruling the motion for new trial. Where, as here, the motion for new trial was overruled by operation of law, the period within which the cost bond must be filed begins from the date that the motion for new trial was overruled by operation of law. Washington v. Golden State Mutual Life Insurance Co., 405 S.W.2d 856 (Tex.Civ.App.1966, writ ref'd), 408 S.W.2d 227 (Tex.1966). Compliance with Rule 356 is mandatory and jurisdictional. Washington v. Golden State Mutual Life Insurance Co., *supra*, Glidden Co. v. Aetna Casualty & Surety Co., 155 Tex. 591, 291 S.W.2d 315 (Tex.1956).

The appeal is dismissed.