**George MAPUS, Appellant,**

v.

**Jesus GARZA d/b/a Garza Electric, Appellee.**

Court of Civil Appeals of Texas, San Antonio.

Feb. 27, 1974.

Rehearing Denied March 27, 1974.

J. G. Hornberger, Laredo, for appellant.

Rocha, Garza-Gongora, Haynes & Notzon, Laredo, for appellee.

PER CURIAM.

This is an appeal from a judgment in the sum of $2,603, plus attorney's fees of $500, entered on a jury verdict in appellee's suit to recover for labor and materials furnished appellant pursuant to a construction contract. The transcript, statement of facts and filing fee were tendered on February 11, 1974. On examination of the transcript, it appeared to our Clerk that the appeal had not been timely perfected; and, therefore, the record was referred to us pursuant to Rule 388[1] for determination of whether we have jurisdiction.

The judgment was signed on September 17, 1973. A motion for new trial was filed on September 25, 1973, and timely amended on October 15, 1973. The amended motion for new trial was heard on November 27, 1973, and verbally overruled at such time; however, the order overruling same was not signed until January 21, 1974. The appeal bond was filed on January 25, 1974.

Our jurisdiction is determined by the question of when the time commenced to run for perfection of the appeal. The order overruling such motion was signed on January 21, 1974, and the appeal was timely perfected from such date. However, under the express provisions of Rule 329b(4), the amended motion for new trial was overruled by operation of law on No-

1. All references are to Texas Rules of Civil Procedure.

vember 29, 1973,[2] and the order of January 21, 1974, purporting to overrule said motion is a nullity. Washington v. Golden State Mutual Life Ins. Co., 405 S.W.2d 856 (Tex.Civ.App.—Houston 1966, writ ref'd 408 S.W.2d 227 [Tex.1966]); Heldt Bros. Trucks v. Alvarez, 477 S.W.2d 691 (Tex. Civ.App.—San Antonio 1972, writ ref'd); Roth v. Maryland American General Insurance Co., 454 S.W.2d 779 (Tex.Civ.App. —San Antonio 1970, writ ref'd); Flowers v. Muse, 427 S.W.2d 727 (Tex.Civ.App.— San Antonio 1968, writ ref'd).

Since appellant did not timely file his bond within thirty days after said motion for new trial was overruled as required by Rule 356, we do not have jurisdiction over such appeal. Glidden Co. v. Aetna Casualty & Surety Co., 155 Tex. 591, 291 S.W.2d 315 (1956); Heldt Bros. Trucks v. Alvarez, supra. Thus, we have no alternative but to dismiss this appeal for want of jurisdiction.

2. If we assume that regardless of the provisions of Rule 306a, the motion was overruled for appeal purposes on November 27, 1973, the appeal was not timely perfected.