**Herbert HAASE, Appellant,**

**v.**

**Lillie GREUTZMACHER, Appellee.**

**No. 15424, Motion No. 43322.**

Court of Civil Appeals of Texas, San Antonio.

March 12, 1975.

Rehearing Denied April 9, 1975.

Scarborough, Roberts, Busselman & Berry, Kenedy, for appellant.

M. C. Whitehead, Karnes City, for appellee.

PER CURIAM.

Appellee has filed a motion to dismiss this appeal for lack of jurisdiction, and as ground therefor asserts that appellant's bond was not timely filed.

■ Rule 356 [1] provides that the appeal bond shall be filed with the Clerk within thirty days after rendition of judgment or order overruling the motion for new trial. This rule is mandatory and jurisdictional and compliance cannot be waived. Washington v. Golden State Mutual Life Insurance Co., 405 S.W.2d 856 (Tex.Civ.App.—Houston), writ ref'd per curiam, 408 S.W.2d 227 (Tex.1966); Roth v. Maryland American General Insurance Co., 454 S.W.2d 779 (Tex.Civ.App.—San Antonio 1970, writ ref'd); Flowers v. Muse, 427 S.W.2d 727 (Tex.Civ.App.—San Antonio 1968, writ ref'd).

The judgment herein was signed on October 22, 1974, and appellant's motion for new trial was timely filed on November 1, 1974. There is an order dated December 20, 1974, overruling the motion for new trial and giving notice of appeal. The appeal bond was filed on January 17, 1975. Appellee urges by her motion to dismiss the appeal that the order of December 20, 1974, was a nullity in that the motion for new trial was overruled by operation of law on December 16, 1974. She therefore asserts that the appeal bond should have been filed on or before January 15, 1975.

Rule 329b(3) (Supp.1975) provides in part:

"All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, *unless by one or more successive written agreements of the parties* in the case filed with the clerk of the court the decision of the motion is postponed to a day certain specifically set out in any such agreement." (Emphasis ours)

There was no written agreement of the parties postponing the decision of this case until December 20, 1974, or any other date. Rather, the hearing was set by the trial judge and the attorneys of record were notified by his letter of November 27, 1974, which provides: "The motion for New trial is set for hearing on Friday, December 20th, 1974, at 10:00 o'clock A.M. in Karnes City, Texas." Appellant urges that appellee, by appearing on such date and participating in the hearing, indicated an agreement to such postponement of the 45 day rule and thereby waived the necessity of a written agreement.

■ The letter of the trial judge is not a "written agreement of the parties" as required by Rule 329b(3), and therefore, it did not operate to postpone the time for decision. See Roth v. Maryland American General Insurance Co., *supra*; Holland v. Foley Brothers Dry Goods Co., 324 S.W.2d 430 (Tex.Civ.App.—Texarkana 1959, writ ref'd). There is no provision in Rule 329b for waiver of the written agreement. It is fundamental that jurisdiction cannot be conferred by agreement, nor can the lack of jurisdiction be waived. Scheetz v. Bader, 251 S.W.2d 427 (Tex.Civ.App.—Galveston 1952, writ ref'd).

■ Rule 329b(4) provides in part that a motion for new trial "will be overruled by operation of law forty-five (45) days after the same is filed, unless disposed of by an order rendered on or before said date." Therefore, appellant's motion for new trial was overruled by operation of law on December 16, 1974. The order subsequently entered on December 20, 1974, purporting to overrule such motion is a nullity and cannot have the effect of ex-

1. All rules refer to the Texas Rules of Civil Procedure (1967).

tending the time for filing the appeal bond. Washington v. Golden State Mutual Life Insurance Co., *supra*; Roth v. Maryland American Insurance Co., *supra*; Flowers v. Muse, *supra*; Lucchese v. Specia, 281 S.W.2d 725 (Tex.Civ.App.—San Antonio 1955, writ ref'd).

Appellant's appeal bond, which was filed on January 17, 1975, was not timely filed under Rule 356, and we have no alternative but to dismiss this appeal for want of jurisdiction.

The appeal is dismissed.