Terry HARMON et al., Appellants,

v.

Xenia MILLER et al., Appellees.

No. 860.

Court of Civil Appeals of Texas, Tyler.

Nov. 20, 1975.

Rehearing Denied Dec. 11, 1975.

James R. Pierce, Tyler, for appellants.

Melvin G. Bateman, Moore, Bateman & George, Athens, for appellees.

DUNAGAN, Chief Justice.

This is an appeal from a denial of a bill of review sought by appellants to set aside a default judgment vesting title to realty in appellees. An examination of the record before us raises the question of our jurisdiction because it shows appellants failed to timely deposit cash in lieu of bond.

The judgment was signed on the 13th day of January, 1975. No motion for a new trial was filed nor was one required as this was a non-jury case. The deposit of cash in lieu of bond was on February 26, 1975, which was more than 30 days after the judgment was signed.

Rule 356, Texas Rules of Civil Procedure, requires cost bonds or the cash deposit in lieu thereof to be filed within 30 days after the date of judgment or order overruling the motion for new trial. Appellants' cash deposit in lieu of the cost bond was not timely filed and consequently was not in compliance with this rule. The filing of an appeal bond or cash deposit in lieu thereof is mandatory and jurisdictional and compliance cannot be waived. *Heldt Brothers Trucks v. Alvarez*, 477 S.W.2d 691 (Tex. Civ.App.—San Antonio, 1972, writ ref'd); *Roth v. Maryland American General Insurance Co.*, 454 S.W.2d 779 (Tex.Civ.App.— San Antonio 1970, writ ref'd); *Flowers v. Muse*, 427 S.W.2d 727 (Tex.Civ.App.—San Antonio 1968, writ ref'd).

It is well settled that when our jurisdiction is invoked the transcript must disclose affirmatively that we have such jurisdiction and that if it does not do so, our duty is to dismiss the appeal. *Hilliard v. Hines*, 403 S.W.2d 442 (Tex.Civ.App.—Tyler 1966, n. w. h.) and *Miller v. Esunas*, 401 S.W.2d 150 (Tex.Civ.App.—Tyler 1966, writ ref'd n. r. e.).

Appellants' appeal bond having not been timely filed the transcript fails to disclose that we have jurisdiction and the appeal must be dismissed. *Hubbard v. Faulks,* 159 S.W.2d 919 (Tex.Civ.App.—Fort Worth 1942, n. w. h.).

Appeal dismissed.