546 S.W.2d 124 (1977)
TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,
v.
Joe E. DIXSON, Appellee.
No. 7949.
Court of Civil Appeals of Texas, Beaumont.
January 13, 1977.
Rehearing Denied February 3, 1977.
*125 James S. Fuller, Port Arthur, for appellant.
William E. Townsley, Beaumont, for appellee.
PER CURIAM.
Defendant below appeals from an adverse judgment entered after a jury trial wherein plaintiff recovered workmen's compensation benefits. Plaintiff below has filed a motion to dismiss the appeal and such motion is granted for the reasons now to be stated.
Judgment was entered on June 24, 1976, and defendant timely filed its original motion for new trial on July 2, 1976. Defendant's amended motion for new trial was likewise filed in time, on July 22, 1976. On August 16, 1976, counsel for the parties filed an agreement extending the time for the hearing and determination of the amended motion for new trial until September 10, 1976. Tex.R.Civ.P. 329b, § 3.
The trial court did not act upon the amended motion on September 10; instead, the trial court signed an order on October 7, 1976, overruling the amended motion for new trial. This order was a nullity. Heldt Brothers Trucks v. Alvarez, 477 S.W.2d 691, 693 (Tex.Civ.App.San Antonio 1972, writ ref'd).
Since the trial court did not grant the motion for new trial on September 10, *126 1976, it was overruled by operation of law upon said date. Sanders v. West Texas Utilities Co., 537 S.W.2d 787, 788 (Tex.Civ. App.Eastland 1976, writ ref'd). Thus, defendant's appeal bond was required to be filed within thirty days from and after the date said motion was overruled by operation of law. Tex.R.Civ.P. 356. The rule is mandatory and jurisdictional and cannot be waived. Alvarez Case, supra. Defendant did not file an appeal bond until November 3, 1976, long after the expiration of the thirty-day period provided by Rule 356. Therefore, the appeal was not timely perfected. Alvarez, supra.
But, defendant contends that since the delay in acting upon the motion for new trial was to accommodate counsel for the plaintiff, plaintiff is now estopped to urge the jurisdictional point found in the Sanders Case, supra.
Although the argument is persuasive and appealing to the conscience, we do not write upon a clean slate. Our acts in this case must be in accordance with the rules laid down for our guidance by the Supreme Court. Notwithstanding the dissent of Mr. Justice Greenhill, our Supreme Court has answered the question adversely to the defendant in the case of Texas & New Orleans Railroad Co. v. Arnold, 388 S.W.2d 181, 184-185 (Tex. 1965).
All courts are reluctant to deny a litigant his day in court or to dismiss an appeal. Thus, we adopt the rule enunciated by the court in Allen v. United Supermarkets, Inc., 467 S.W.2d 616, 621 (Tex.Civ.App. Amarillo 1971, no writ):
"It is a rule of this court, where consistent with Rule 1 and the authority granted us under our rules of procedure, to give each litigant every opportunity to be heard upon the merits of the case, and we will not deny such right to any litigant unless compelled to do so. Yet in this case we have no authority to consider the appeal upon the merits of the case and only have authority to dismiss the appeal for want of jurisdiction."
Accordingly, the appeal is dismissed.