Read KILLGORE, Appellant,

v.

GUARDIANSHIP OF Read KILLGORE, mentally incompetent, Appellee.

No. 16016.

Court of Civil Appeals of Texas, San Antonio.

June 28, 1978.

William H. Russell, San Antonio, for appellant.

Waynene C. Combest, Veitch & Britt, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal from an order of the County Court of Bexar County, Texas, appointing James Gamble guardian of the person and estate of Read Killgore, mentally incompetent. Appellant Read Killgore asserts two points of error: (1) the probate court erred in conducting proceedings in appellant's guardianship after the court, by appropriate order, approved appellant's guardian's final account and discharged such guardian and the surety on her bond

and closed the estate;[1] (2) the probate court erred in superseding an appointment of a temporary guardian for the appellant by the appointment of a permanent guardian without a jury hearing as to appellant's competence.

The judgment appointing James Gamble guardian of the person and estate of Read Killgore was signed on October 19, 1977, and was filed on October 19, 1977. The bond for costs is dated November 30, 1977, and was approved and filed on December 1, 1977. It is seen that the costs bond was filed 42 days after the date of the judgment appealed from. The transcript contains no motion for new trial.

Rule 356, Tex.R.Civ.P., requires bonds for costs on appeal to be filed within 30 days after the date of judgment or order overruling motion for new trial. Compliance with this rule has been held to be mandatory and jurisdictional to an appeal. The time limits prescribed cannot be dispensed with or enlarged by this court for any reason. *Glidden Company v. Aetna Casualty and Surety Company*, 155 Tex. 591, 291 S.W.2d 315 (1956); *Texas Employers' Insurance Association v. Dixson*, 546 S.W.2d 124 (Tex.Civ.App.—Beaumont 1977, no writ); *Juarez v. Marchan*, 537 S.W.2d 129 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Harmon v. Miller*, 530 S.W.2d 173 (Tex.Civ.App.—Tyler 1975, no writ); *Washington v. Golden State Mutual Life Insurance Co.*, 405 S.W.2d 856 (Tex.Civ.App.— Houston), writ ref'd, 408 S.W.2d 227 (Tex. 1966).

On initial examination, it would appear that the bond for costs might have been timely filed in that such bond for costs recites that on November 17, 1977, the court rendered a judgment appointing James Gamble guardian of the person and estate of appellant and that appellant desires to take an appeal from such judgment. However, an examination of the transcript shows that the judgment here under attack and from which appellant is attempting to appeal was signed and filed on October 19, 1977. The only order dated November 17, 1977, is an order directing James Gamble, guardian of the person and estate of Read Killgore, to contact Dr. Pat Nixon as to the advisability of permitting Read Killgore to leave Evergreen Nursing Home and reside in his home on West Summit Avenue in San Antonio.

It is clear that the judgment here appealed from was rendered, signed, and filed on October 19, 1977, and that the bond for costs was not filed within the 30-day time limit required by the Rules of Civil Procedure. This court is without jurisdiction to hear such appeal and the appeal is dismissed.

---

1. It appears from the transcript that on April 18, 1977, Thelma Melliff was appointed guardian of the person and estate of Read Killgore, mentally incompetent, and that thereafter this order was vacated because of lack of proper service. In such order vacating such judgment, the guardian was ordered to render her final account. Pursuant to such order, Thelma Melliff filed her final account. Such account was approved by the court, Thelma Melliff was discharged from her trust as guardian, the sureties were discharged, and the estate was ordered closed.