Ouida ANDERSON, Appellant,

v.

R. Benton ANDERSON, Appellee.

Motion No. 22622.

Court of Civil Appeals of Texas, Dallas.

Nov. 16, 1978.

Rehearing Denied Dec. 13, 1978.

Reba Graham Rasor, Koons, Smith & Johnson, Dallas, for appellant.

William M. Boyd, McKinney, for appellee.

GUITTARD, Chief Justice.

Our clerk has declined to file the record in this case on the ground that it was tendered more than sixty days after the amended motion for new trial was overruled by operation of law. Appellant has filed a motion to direct the clerk to file the

record, contending that the motion was not overruled by operation of law, but by a ruling in open court, and that the sixty-day period did not begin to run until the order overruling the motion was signed, although that order was signed more than forty-five days after the amended motion was filed. We overrule the motion on the ground that under rule 306a, Texas Rules of Civil Procedure, we must deem the court's ruling to have been made when the order was signed.

Appellant relies on subdivision 4 of rule 329b, Texas Rules of Civil Procedure, which provides in part:

"4. It shall be the duty of the proponent of an original or amended motion for new trial to present the same to the court within thirty (30) days after the same is filed. . . . *In the event an original motion or amended motion for new trial be not presented within thirty (30) days after the date of the filing thereof,* and the judge in his discretion refuses to consider the same or refuses to hear evidence relating thereto, such motion shall be overruled by operation of law forty-five days after the same is filed, *unless disposed of by an order rendered on or before said date.*" (Emphasis added.)

Appellant contends that the provision for overruling of a motion for new trial within forty-five days applies only if the motion is not presented and is not disposed of within that period. In this case the amended motion was filed on June 19 and was presented and overruled in open court on July 13, but no order was signed until August 28. The forty-five-day period expired on August 3. Appellant argues that the motion was not overruled by operation of law on August 3 because the motion had already been presented and disposed of on July 13, but that the time for filing the record began to run on August 28, when the order was signed. For this result she invokes rule 306a, Texas Rules of Civil Procedure, which provides that in determining the periods within which the various steps of an appeal must be taken, "the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft

thereof was signed." In effect, appellant asks us to treat the motion as overruled by the court's oral pronouncement of July 13 for the purpose of preventing the running of the forty-five-day period prescribed by rule 329b(4), but to treat the motion as overruled by the written draft signed on August 28 for the purpose of determining the beginning of the sixty-day period prescribed by rule 386, Texas Rules of Civil Procedure.

We cannot agree with this contention because rule 306a requires that the date of rendition of the order be deemed the date on which the written draft was signed for the purpose of determining all periods within which the steps of an appeal must be taken. Consequently, even though the motion was orally overruled on July 13, we must deem the court's ruling as having been made on August 28, when the written order was signed. *Washington v. Golden State Mutual Life Insurance Company*, 408 S.W.2d 227 (Tex.1966), *refusing writ of error*, 405 S.W.2d 856 (Tex.Civ.App.—Houston [1st Dist.] 1966). Since that date was more than forty-five days after the motion was filed on June 19, we must deem the motion overruled by operation of law under rule 329b(4) when the forty-five-day period expired on August 3. The record was not tendered for filing in this court until October 27, eighty-five days after the motion was overruled by operation of law. At that time it was too late either to file the record or to file a motion for extension of time under rule 21c, Texas Rules of Civil Procedure. Consequently, the clerk was correct in declining to accept the record for filing.

Motion to file record overruled.