**Maurilia TERAN, Appellant,**

v.

**Dr. Ronald E. FRYER, Appellee.**

**No. 1570.**

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 30, 1979.

Rehearing Denied Sept. 21, 1979.

Homero M. Lopez, Brownsville, for appellant.

David H. Hockema, McAllen, for appellee.

## OPINION

PER CURIAM.

Appellant Maurilia Teran perfected her appeal from a take nothing judgment rendered February 28, 1979. The cause is before us on the jurisdictional question of whether the record was timely received.

The transcript shows that appellant filed an original motion for new trial on March 6, 1979. No amended motion was filed. A decision on April 18, 1979, to overrule the motion for new trial is reflected by a notation on the docket sheet and in a letter from the District Clerk to the attorneys of record advising them of such docket entry, but no written order was signed until June 13, 1979. In the meantime, appellant filed her cost bond on May 11, 1979. The transcript was received in this Court on August 3, 1979.

The record was due to be filed within sixty days after the overruling of appel-

lant's motion for new trial. Rule 386, T.R. C.P. If the order signed June 13, 1979, is valid, the transcript was received in time. Otherwise, it was late and we have no jurisdiction of the appeal.

The date of rendition of an order overruling a motion for new trial is the reference point for determining when the jurisdictional appellate steps must be completed. Rules 356 and 386, T.R.C.P. A unique characteristic of motions for new trial is that they may be overruled by either the action or inaction of the trial judge. Rule 329b(3) requires a motion for new trial to be determined within 45 days unless an agreement in writing for later determination is made within the provisions of that subsection. There is no other provision for a later rendition of an order overruling a motion for new trial. Absent a written agreement postponing the decision to a date certain, an order must be in writing and signed by the 45th day. *Reese v. Piperi,* 534 S.W.2d 329 (Tex.Sup.1976); *Cardona v. Texas Employers' Insurance Assoc.,* 566 S.W.2d 78 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). If no action is taken by the trial court by the end of the 45th day, the motion is overruled by operation of law automatically.

If, on the other hand, a ruling is made prior to the expiration of 45 days, the date of rendition must be determined in light of Rule 306a, which provides in part, "In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein." An order orally announced in open court, noted on the docket sheet, or communicated in any other manner is therefore not "rendered" for purposes of determining the time for appellate steps. The time does not start to run until a formal order is signed. Failure to reduce the order to writing and sign it within the allotted 45 days causes the motion for new trial to be overruled by operation of law the same as if no ruling at all had been made. If this were not so, the delay in signing a written order could permit a trial court to enlarge the period for taking action on a motion for new trial in contravention of Rule 5. For a detailed analysis of the interaction among Rules 5, 306a, and 329b, see *Risher v. Risher,* 547 S.W.2d 292 (Tex.Civ.App.—Dallas 1977, writ dism'd). The cases uniformly hold that a motion for new trial is overruled either by formal order or by operation of law, whichever occurs earlier, and an order purporting to overrule a motion which has already been overruled by operation of law is a nullity. *Reese v. Piperi,* supra; *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823 (1961); *Mapus v. Garza,* 508 S.W.2d 857 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.); *Hendricks v. Williams,* 485 S.W.2d 304 (Tex.Civ.App.— Corpus Christi 1972, no writ); *Heldt Brothers Trucks v. Alvarez,* 477 S.W.2d 691 (Tex. Civ.App.—San Antonio 1972, writ ref'd); *Mercer v. Band,* 454 S.W.2d 833 (Tex.Civ. App.—Houston (14th Dist.) 1970, no writ) (timely docket entry, but late formal order); *Roth v. Maryland American General Insurance Co.,* 454 S.W.2d 779 (Tex.Civ.App.— San Antonio 1970, writ ref'd); *Washington v. Golden State Mutual Life Insurance Co.,* 405 S.W.2d 856 (Tex.Civ.App.—Houston) aff'd 408 S.W.2d 227 (Tex.Sup.1966), cert. denied 386 U.S. 1007, 87 S.Ct. 1349, 18 L.Ed.2d 434 (1967).

In the case before us, the period during which the motion for new trial must have been determined expired 45 days after March 6, 1979, or on April 20, 1979. Since no formal order had been signed by the date, (April 20, 1979) the motion for new trial was overruled by operation of law. The order signed June 13, 1979, was of no effect. The transcript received August 3, 1979, was late. We have no jurisdiction and therefore have no choice but to dismiss the appeal.

Appeal DISMISSED.