**LONGVIEW TRANSIT COMPANY,**
Inc., Appellant,

v.

**Pat FERCHILL, d/b/a Reliable Motor Supply, Appellee.**

No. 7029.

Court of Civil Appeals of Texas.

Texarkana.

April 1, 1958.

**408**

Austin C. Hatchell, Longview, for appellant.

Oscar B. Jones and James M. Ross, Longview, for appellee.

CHADICK, Chief Justice.

This case is an abortive appeal from a judgment in an action of sworn account in the District Court of Gregg County. The appeal is dismissed.

Appellee filed a motion to dismiss the appeal on the ground that the appellant's failure to timely file an appeal bond under Rule 356, Texas Rules of Civil Procedure, deprives this Court of jurisdiction. That motion has been carried with the case. Appellant's answer to the motion to dismiss is that failure to file the appeal bond within the time allowed by Rule 356 is mere informality and not jurisdictional; and that under Rule 404 appellee's failure to object to the filing of the bond within 30 days after filing of the transcript in this Court is a waiver of the alleged failure to timely file the bond in the trial court. Appellant's contention cannot be sustained.

Judgment was pronounced in the trial court on May 15, 1957. Motion for new trial was filed May 20, 1957. The transcript does not show a formal written order by the trial judge setting a hearing date on the motion for new trial, but several instruments incorporated in the transcript recite that it was set for hearing June 28, 1957. The motion was not presented to the court on June 28th, but as the court term was to end June 30, 1957, on June 28th preceding end of the term, the trial judge entered an order extending the term to July 30, 1957. Next, the record shows a written agreement dated and filed July 15, 1957, in which the parties agree to a setting of the motion for new trial for hearing on July 19, 1957. The appellant construes this last-mentioned instrument as an agreement of the parties to postpone the hearing on the motion in accordance with subd. 3, Rule 329–b, and a compliance therewith. The motion for new trial was overruled by the trial judge in an order dated and filed July 19, 1957.

■ An original motion for new trial is involved in this case. Subd. 3, Rule 329–b requires that motions and amended motions for new trial be determined within not exceeding 45 days after the original or amended motion is filed. Reference to the dates set out shows that the motion was not presented or acted upon by the trial judge within 45 days after it was filed, nor within that time was the hearing thereof postponed to a later date by written agreement of the parties, it was, therefore, overruled by operation of law 45 days after May 20th. See subd. 4, Rule 329–b, and Moore v. Decuir, Tex. Civ.App., 286 S.W.2d 471, wr. ref. The 45th day after its filing was July 4th, but that day was a legal holiday and under Rule 4, the time is extended to include the 5th, which was neither a Sunday nor a legal holiday; subd. 3 of Rule 329–b requires that a motion for new trial be determined *within* 45 days after the motion is filed. Subdivision 4 of the same Rule provides that if the district judge has not determined a motion *within* the 45-day period, it will be overruled by operation of law *after* 45 days. Giving effect to subds. 3 and 4 of Rule 329–b and Rule 4 makes July 6th the determinative date, that is, the date the motion for new trial was overruled by operation of law. The extension of the court term for the purpose of acting upon the motion does not relieve the appellant of compliance with the provisions of Rule 329–b. See Jones v. Campbell, Tex.Civ.App., 188 S.W.2d 679, wr. ref. The July 15th written agreement by the parties and the order of July 19th overruling the motion for new trial are nullities because each was made after the motion for new trial had been overruled by operation of law on July 6th.

■ The appeal cost bond was filed with the clerk of the trial court August 16, 1957, which is more than 30 days after the date the motion for new trial was overruled; the filing therefore does not comply with Rule 356 and appellee's motion must be sustained and the appeal dismissed.

See Glidden Co. v. Aetna Casualty & Surety Co., Tex. 291 S.W.2d 315.

It is ordered that the appeal be dismissed.

FANNING, J., concurs.

DAVIS, Justice.

I concur, but the motion for new trial was overruled by operation of law on the 5th day of July, 1957.