**FIDELITY & CASUALTY COMPANY OF NEW YORK, Relator,**

v.

**Honorable Homer E. STEPHENSON et al., Respondents.**

No. 6308.

Court of Civil Appeals of Texas.

Beaumont.

May 14, 1959.

Rehearing Denied June 3, 1959.

King, Sharfstein & Rienstra, Beaumont, for relator.

Adams & Browne, Beaumont, for respondents.

ANDERSON, Chief Justice.

This is an original proceeding in which the relator seeks a writ of mandamus requiring the Honorable Homer E. Stephenson, Judge of the District Court of Orange County, to set aside certain orders of that court and render judgment in favor of relator on a jury's verdict in a suit brought under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq. The plaintiff in the lower court and his attorneys are also named as respondents.

Nat Wade sued for compensation benefits for only partial disability. The case was submitted to a jury on special issues. A verdict was returned and accepted, and the jury was discharged. The defendant

in the case, relator, then made motion that judgment in its favor be rendered on the verdict. The plaintiff moved that a mistrial be declared and that he be granted a new trial, on the ground that two material jury findings were in irreconcilable conflict with one another. The defendant's motion for judgment was overruled. The plaintiff's motion was sustained, and an order declaring a mistrial and granting the plaintiff a new trial was entered.

The rulings were predicated upon the theory that findings made in response to special issues four and eight were in conflict.

Nine special issues were answered, the findings, in substance, being: 1) that the plaintiff sustained an injury to his body on or about October 30, 1957; 2) that he sustained such injury in the course of his employment; 3) that such injury was the result of an accident; 4) that, as a result of said injury, the plaintiff "has or will sustain partial incapacity to work and earn money"; 5) that partial disability began October 30, 1957; 6) that it will continue "for life"; 7) that the injury of October 30, 1957, was a producing cause of the plaintiff's incapacity; 8) that the plaintiff's "average weekly wage earning capacity" during the period of his partial incapacity has been and will continue to be $100; 9) the plaintiff's disability is not due solely to conditions of his body existing before his injury of October 30, 1957.

As actually phrased, special issues four and eight and the jury's answers to them were as follows:

"Special Issue No. 4

"Do you find from a preponderance of the evidence that as a result of said injury, if any, Nat Wade has or will sustain partial incapacity to work and earn money?

"Answer 'Yes' or 'No'

"Answer: Yes."

"Special Issue No. 8

"What do you find from a preponderance of the evidence to be the average weekly wage earning capacity, if any, of Nat Wade during the period of partial incapacity, if any, which you have found?

"Answer by stating the amount, if any, in dollars and cents which you find to be the average weekly wage earning capacity of Nat Wade during such period of partial incapacity.

"Answer: $100.00."

On the facts thus far stated, there is, of course, no apparent conflict between the findings; but the picture is materially changed when we consider that the parties stipulated at the beginning of the trial that the plaintiff's "average weekly wage before the injury" was one hundred dollars, and when we consider the definition of "partial incapacity" that was contained in the court's charge to the jury, to wit:

"By the term 'partial incapacity' or 'partially incapacitated', whenever it appears in this charge is meant: Where an employee by reason of an injury sustained in the course of his employment is only able to perform part of his regular labor, or a less remunerative class than he performed prior to his injury, whereby he suffers a depreciation or reduction in his ability to work and earn money."

The definition considered, the fourth finding can only mean that the plaintiff's injuries deprived him of the ability to earn as much as he previously earned—i. e., deprived him of the ability to earn an average of one hundred dollars per week. Yet, in response to the eighth special issue, the jury found that the plaintiff's "average weekly wage earning capacity" during the period of his partial incapacity has been and will continue to be one hundred dollars. The findings are therefore in direct conflict with one another and cannot stand together. And since both cannot stand,

neither of them can. Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453, 455. They in effect cancel one another and leave the verdict rather much as it would be if neither of the two questions had been answered. The plaintiff is not in the attitude of having waived either special issue, and so we think the trial court correctly declared a mistrial, that being the proper order when essential special issues are not answered. 41–B Tex.Jur., Trial–Civil Cases, sec. 577, p. 790. With both findings eliminated, there just is no verdict on which to render judgment for either party.

■ We recognize that it is our duty to reconcile the findings if there is any reasonable basis for doing so, but we cannot consider portions of the charge out of context to attain that end. We are therefore of the opinion that there is no merit in the relator's contention that the fourth finding should be construed as merely a finding that the plaintiff has been rendered less able to perform his regular labors and not as a finding that through that medium he has also been rendered less able to earn money. The definition of partial incapacity must be considered as a whole, and when this is done, we think it clear that the fourth finding cannot be construed otherwise than as a finding that the plaintiff's ability or capacity to earn money has been reduced below what it was before he was injured.

Relator's application for writ of mandamus is denied.