Ernest MARTIN, Appellant,

v.

TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.

No. 5412.

Court of Civil Appeals of Texas.

El Paso.

Oct. 5, 1960.

Rehearing Denied Oct. 26, 1960.

Guinn & Guinn, Joe A. Morgan, El Paso, for appellant.

Edwards, Belk, Hunter & Kerr, El Paso, for appellee.

FRASER, Justice.

The appellant, who was plaintiff below, brought suit against appellee under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., for injuries received in April, 1956, while working for Furr's Inc. The case was tried to a jury, which found that appellant had suffered fifty per cent partial *disability,* which was permanent. His injury was diagnosed by the treating doctors as a herniated disc of the spine. The parties stipulated that appellant's average weekly wage prior to the accident was $75 a week. The jury found, in answer to the eighth special issue, that appellant's average weekly wage earning *capacity* after his injury and during his incapacity, was $75. The trial judge granted appellee's motion for judgment on the verdict, holding thereby that appellant could recover nothing. Appellee filed a cross assignment of error, charging the court with error in not granting its motion for judgment non obstante veredicto, on the ground that plaintiff had not filed his claim with the Industrial Accident Board within the statutory six months' period, such claim having been filed a little over nine months after the date of his injury. Appellee charges that plaintiff did not allege and prove good cause for not having filed his claim with the Board within the six months.

Appellant charges the court with error in submitting Issue No. 8, and in failing to grant a new trial.

It is obvious that the dispute here is over the use of the word "disability", and the phrase "wage earning capacity." The jury found, as stated above, that the appellant had suffered an injury while in the course of his employment, which resulted in partial *disability* that was permanent in nature and fifty per cent in extent. After all of these seven issues had been submitted to the jury and answered, and it had been stipulated that his prior weekly wage was $75 per week, Issue No. 8 occurs, and was worded as follows:

> "From a preponderance of the evidence what do you find to be the average weekly wage earning capacity of Plaintiff Ernest Martin after his injury and during his partial incapacity, if any?"

The jury answered, "$75.00", which was the amount stipulated as having been his average weekly wage *before* injury.

It appears to us that the many authorities examined seem to have held, and to hold, that the words "disability" or "partial disability", and "incapacity" or "partial incapacity" are interchangeable and substantially synonymous. It has been held that a trial court may submit an issue inquiring as to the claimant's percentage of partial disability as the result of the injury, rather than inquiring as to his percentage of wage-earning capacity after the injury. Consolidated Casualty Ins. Co. v. Newman, Tex.Civ.App., 300 S.W.2d 160 (n. r. e.).

For further example, in Texas Employers Ins. Ass'n v. Goforth, Tex.Civ.App., 307 S. W.2d 610, 613, (n. r. e.), the court stated:

> "Numerous cases are authority for the proposition that a trial court will not be held in error for inquiring of the jury concerning the claimant's percentage of partial disability as a result of injury rather than to inquire about the

extent of the reduction of his wage earning capacity after the injury."

The court then cites a number of cases in support of this statement. See, also, Indemnity Insurance Co. of North America v. Marshall, Tex.Civ.App., 308 S.W.2d 174 (n.r.e.), point 8.

In Traders & General Ins. Co. v. Robinson, Tex.Civ.App., 222 S.W.2d 266, 269, (*writ refused*) (emphasis ours), the court said:

"The finding by the jury that appellee suffered 85 per cent disability, together with a stipulation of his earnings of $70.40 per week furnished a sufficient basis for computing his average weekly wage earning capacity during the existence of such partial incapacity."

The court then cites cases in support of its position.

 It is clear, therefore, from these authorities—all of which have cleared through the Supreme Court—that it is proper to determine the percentage of disability, and that it is not error to refuse to submit an issue inquiring as to the wage-earning capacity of claimant after injury. Therefore, in the case before us, the first seven issues were adequate and sufficient for the purpose of verdict. The eighth issue was superfluous and should have been disregarded. The court was therefore in error in submitting the issue and in not disregarding the jury's answer thereto.

Fidelity & Casualty Co. of New York v. Stephenson, 325 S.W.2d 461, is very similar to this case, and the Beaumont Court of Civil Appeals sustained the trial court's action in declaring a mistrial and granting plaintiff a new trial. In that case the jury had found, as here, that claimant had sustained partial disability, and that same would continue "for life", and then found that his average weekly wage-earning capacity was $100 a week, which was the same as it was before the injury. The court held that the issues in the case were in direct conflict with each other.

Other cases have held that a claimant is not necessarily precluded from recovering compensation by reason of working and earning wages following the date of injury. Gulf Casualty Co. v. Jones, Tex.Civ. App., 290 S.W.2d 334 (n. r. e.), and cases cited therein; Consolidated Casualty Ins. Co. v. Smith, Tex.Civ.App., 309 S.W.2d 80 (n. r. e.).

It seems obvious to us, therefore, that because of the submission of the eighth issue, and the answer thereto, error was committed, and we accordingly must sustain appellant's points relative thereto. The jury had found the claimant to be fifty per cent disabled, and that such was permanent. There was no contradiction of the fact that he had a herniated disc, or injured back. Therefore, the answer to Issue No. 8, which would set up that his earning capacity was the same before he incurred this ruptured disc, is obviously superfluous, and should not stand.

 We believe that appellee's cross-assignment of error must be overruled. This assignment is based on the court's refusal to grant a judgment non obstante veredicto because of plaintiff's lateness in filing his claim with the Industrial Accident Board. The record shows that plaintiff claims to have suffered a back injury while lifting a case of canned goods; that he went to a Dr. Palafox, who examined him and gave him some pain-killing pills. He was later examined by Dr. Jones and was given what is called a myelogram, at a local hospital, and was told that he had a ruptured disc in his back. Plaintiff went back to work and continued to take the pain-killing medicine, and was being checked over every week or so by Dr. Palafox, and was wearing an abdominal band. His hospital and medical bills were being paid by the Insurance Association, and he was receiving full pay from his employer. Plaintiff testified that the doctors told him to go back to work and

do the lightest work that he could. He testified that he did not realize that his injuries were serious, and testified that "the doctor told me to continue working and kept giving me the capsules * * * so I didn't think I was injured too seriously, or enough to do anything about it." There is more testimony of this nature, but it all adds up to the fact that plaintiff was under a doctor's care, who kept prescribing medicine and had told him he could continue working, which he did. The matter of "good cause" in a situation of this type carries with it considerable discretion on the part of the court. We think, here, viewing this record as a whole, that this plaintiff did not forfeit his right to a claim for damages by not filing his claim until a little over three months past the statutory period. We therefore hold that the trial court did not commit error in refusing to grant the motion for judgment non obstante veredicto based on this point.

On the basis of the Robinson case and other authorities, it is clear that a decision had been reached, and a verdict could have, and should have, been written on the first seven issues, and that the eighth issue should have been disregarded.

Such being the case, the decision of the trial court is reversed and remanded to said trial court, with instructions to render judgment in accordance with this opinion.