TEXAS EMPLOYERS' INSURANCE ASSOCIATION V. ERNEST MARTIN

No. A-8112. Decided June 28, 1961
(347 S. W. 2d Series 916)

*Edwards, Belk, Hunter & Kerr,* of El Paso, for petitioner.

*Joe A. Morgan* and *Ernest Guinn,* of El Paso, for respondent.

MR. JUSTICE WALKER delivered the opinion of the Court.

Petitioner's motion for judgment on the verdict was granted by the trial court. The Court of Civil Appeals reversed and remanded with instructions to render judgment for respondent. 339 S.W. 2d 413. Petitioner contends that the appeal bond was not filed within thirty days after the overruling of respondent's motion for new trial as required by Rule 356(a), Texas Rules of Civil Procedure. We think the point is well taken, and the appeal will accordingly be dismissed.

The sequence of events, all of which occurred in 1959, is as follows:

April 23   Judgment of trial court rendered, signed and entered.

May 1   Respondent's motion for new trial filed.

May 19   Respondent's first amended motion for new trial filed.

July 15   Joint request of parties for extension of time filed.

July 16   Order overruling motion for new trial entered.

August 12   Respondent's appeal bond filed.

Subdivision 3 of Rule 329-b, as it existed in 1959, provided that "all motions and amended motions for new trial must be

determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date." The forty-five day period in the present case ended on July 3rd, and our question is whether the joint motion filed twelve days later gave the trial court power to consider and act on the motion for new trial after the expiration of such period. This instrument, which is signed by the attorneys for both parties, is in the form of a "request that the time for hearing on [respondent's] motion for new trial be extended to July 25, 1959." The date it was signed is not disclosed by the record, but we will take it for granted that both attorneys executed the same within forty-five days after the amended motion for new trial was filed. It will also be assumed that the wording of the instrument is in substantial compliance with the provisions of Rule 329-b quoted above, although there is some doubt as to whether an agreement which merely postpones the *hearing* of a motion for new trial can be given that effect.

■ Respondent's amended motion for new trial was overruled by operation of law on July 3, 1959, unless the time for acting on same was legally extended on or before that date. See Longview Transit Co. v. Ferchill, Tex. Civ. App., 312 S.W. 2d 407 (no writ). Rule 11 provides that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed *and filed with the papers as part of the record,* or unless it be made in open court and entered of record." This is one of the general rules appearing in Part 1 of our Rules of Civil Procedure, and Rule 329-b must be read in the light of its provisions. In so far as the present proceeding is concerned, the instrument signed by the attorneys could have no operative effect as an agreement until it was filed on July 15th. At the time that was done the amended motion for new trial had already been overruled by operation of law, and the parties were then without power to postpone the decision of the motion. Since the appeal bond was not filed within thirty days after July 3rd, the Court of Civil Appeals did not acquire jurisdiction and should have dismissed the appeal.

The judgment of the Court of Civil Appeals is reversed, and the appeal is dismissed.