John R. MEINDERS et al., Appellants,

v.

The SHAMROCK OIL AND GAS CORPORATION et al., Appellees.

No. 7591.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 28, 1966.

Rehearing Denied April 4, 1966.

James S. Robinson, Canadian, Gordon, Gordon & Buzzard, Pampa, for appellants.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, Winston Smith, Amarillo, of counsel, for appellees.

CHAPMAN, Justice.

This is an appeal asserted by brief to be by appellants, John R. Meinders and others, from an order of dismissal entered on August 9, 1965, for The Shamrock Oil And Gas Corporation and others wherein appellants were seeking to void or alter the consolidations of oil and gas leases owned by Shamrock.

There is no statement of facts in the record and no findings of fact or conclusions of law, nor is there a showing of any request therefor.

Plaintiffs' Fourth Amended Original Petition, the only initiating proceeding shown in the record, indicates the number of petitioners in the suit are legion and in practically every capacity conceivable. The same may be said for the number of defendants. The transcript, the only record brought to our court from the court below, shows the trial court filed a judgment on August 9, 1965, in which the alleged cause of action filed by petitioners and all proceedings therein were dismissed with "prejudice to plaintiffs." John R. Meinders and all other petitioners filed their notice of appeal on August 11, 1965, but only the former filed his cost bond for appeal. No record

of an affidavit or cash deposit in lieu of appeal bond is shown.

■ The requirement that a bond be filed within thirty days after rendition of judgment, where a bond is required as here, is mandatory, jurisdictional, and cannot be enlarged upon by the courts for any reason. Glidden Company v. Aetna Casualty & Surety Company, 155 Tex. 591, 291 S.W.2d 315. See also Texas Employers' Insurance Association v. Martin, 162 Tex. 376, 347 S.W.2d 916; Neuhoff Bros., Packers v. Acosta, 160 Tex. 124, 327 S.W.2d 434.

■ Perfecting appeal by one of two or more parties seeking to appeal from an adverse judgment will not satisfy the jurisdictional requirement as to any other party or parties. Southern Surety Co. v. Adams, 119 Tex. 489, 34 S.W.2d 789.

■ The necessity of dismissing an appeal because the appeal bond was not filed in time may be raised at any time in the Court of Civil Appeals or the Supreme Court by any interested party, or it may be acted upon by any appellate court before which the appeal is pending on its own motion. Jones v. Campbell, Tex.Civ.App., 188 S.W.2d 679 (writ ref.).

■ Under these authorities we hold that only John R. Meinders has perfected his appeal and is before our court for an adjudication thereof. Therefore, the appeal where parties are named will be hereinafter referred to in the singular.

■ There being no statement of facts before our court and nothing whatever in the record before us to the effect that the judgment was rendered without supporting evidence, every presumption must be indulged in its favor, the court having jurisdiction of the subject matter and of the parties. McElyea v. Parker, 125 Tex. 225, 81 S.W.2d 649.

Another case that appears to shed some light on our case is Hernandez v. Light Pub. Co., Tex.Civ.App., 245 S.W.2d 553 (writ ref.). There, in a hearing conducted prior to a trial on the merits, a proceeding was held before the court to determine whether claimant was an employee in the course of his employment or an independent contractor. The court found the claimant was an employee and defendant was a subscriber under the workman's compensation law. The suit was dismissed. As in our case, the point brought to the appellate court was that the trial court proceeded improperly in sustaining defendant's pleas in advance of a trial on the merits of the case. Just as here the record nowhere reflects that any objection was made to the hearing by the court either before or during the proceedings. The San Antonio Court of Civil Appeals in that case speaking through Justice Pope, now a member of the Texas Supreme Court, said, " * * * even if the necessary steps had been taken to obtain a jury,[1] the judgment and record show no objection to the court's proceeding into the hearing * * *. The complaint that appellant was denied a jury trial is made for the first time in this court." The court then held whether the plea was in abatement or in bar, the parties willingly submitted to the hearing, participated in it prior to the trial on its merits, and even if the court committed error it was not apparent on the face of the record. The dismissal of the case by the trial court was affirmed.

We believe the fact that the court in the Hernandez case was applying some of its statements to an interpretation or construction of Section (b) of Rule 174, Vernon's Ann.Tex. Rules of Civil Procedure, does not make such holding inapplicable in our case. That rule provides:

"The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or

1. Our transcript shows an application for a jury had been made about ten months before the hearing at which the judgment of the trial court dismissed the case.

of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

Shamrock's pleadings and exhibits constituted 45 legal size pages of numerous defenses, exceptions and exhibits to appellant's various contentions seeking to void or alter the consolidations of leases into the units complained about. Its argument under counterpoint three states positively: "This hearing, in which appellants participated, was held before the court sitting without a jury *and evidence was there introduced.*" Such statement is not challenged by appellant in a reply brief. Though we are not considering such statement in a brief as any proof that evidence was heard at the hearing, we would regret to think that appellant would deliberately mislead this court by such statement. (Emphasis ours.)

■ Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648, 85 A.L.R.2d 1, was a case involving the question of whether Section (b) of Rule 174 authorizes a separate trial of the damage issues and the liability issues in a suit for damages for personal injuries. Though the Texas Supreme Court speaking through Justice Calvert held it did not that court cited numerous cases in which the judgment of the trial court was affirmed where they tried without challenge some separate issue before a trial on the merits. In any event, where there is no statement of facts or findings of facts before us and no record showing an objection to the proceeding, there is not any way for us to know but what the trial court's dismissal was based on some probative evidence which supported a finding that Shamrock had used a high degree of good faith, care and loyalty in forming the consolidation units complained about, if such finding was necessary. However, we are not to be understood as holding by the statement just made that Shamrock was under such obligation. We do not reach that point under the record before us.

For other cases holding that in the absence of a statement of facts or findings

or requests therefor, every presumption must be indulged in favor of the trial court's judgment, see Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363; Central Surety & Insurance Corporation v. French, Tex.Civ.App., 72 S.W.2d 699 (writ dismissed); Stovall v. Scofield, Tex.Civ. App., 325 S.W.2d 221 (N.W.H.).

As stated in Iley v. Hughes, supra, our Texas Supreme Court has held Rule 174(b) "* * * authorizes a trial court 'in furtherance of convenience or to avoid prejudice' to order a separate trial 'of any separate issue or of any number of * * * issues,' and we have said that the discretion to require severances and separate trials conferred on trial courts by this and other Rules is 'about as broad as language could make it.' Landers v. East Texas Salt Water Disposal Co., 151 Tex. 251, 248 S.W.2d 731, 735."

Under the record presented to us, we feel appellant's appeal shows to be without merit. Accordingly, the judgment of the trial court is affirmed.