**Itholia HOGG, Appellant,**

v.

**WASHINGTON NATIONAL INSURANCE COMPANY, Appellee.**

No. 725.

Court of Civil Appeals of Texas, Tyler.

May 3, 1973.

Rehearing Granted May 31, 1973.

John S. Ament, Jacksonville, for appellant.

Mike Hatchell, Ramey, Brelsford, Flock, Hutchins & Carroll, Tyler, for appellee.

PER CURIAM.

Appellant's original transcript now on file with this court reveals that appellant's motion for a new trial was filed on December 11, 1972. The trial court on February 9, 1973, by its written order overruled appellant's motion for new trial.

■ Under Rule 329b, secs. 3 and 4, Texas Rules of Civil Procedure, all motions and amended motions for new trial must be determined within forty-five days after the original or amended motion is filed, unless a written agreement of the parties in the case is filed with the clerk of the trial court postponing the decision on the motion to a day certain. If the motion or amended motion for new trial is not determined within forty-five days after the filing thereof, such motion will be overruled by operation of law forty-five days after the same is filed, unless extended by written agreement of the parties and filed with the clerk or disposed of by an order rendered on or before said date. In the instant case it appears from the record that appellant's motion for a new trial was overruled by operation of law on January 25, 1973. Therefore, the order of February 9, 1973, purporting to overrule appellant's motion for a new trial must be regarded as a nullity since her motion had already been overruled by operation of law on January 25, 1973. Hilliard v. Hines, 403 S.W.2d 442 (Tex.Civ.App., Tyler, 1966, n. w. h.).

■ Therefore, appellant was required to file her appeal bond within thirty days after January 25, 1973, which is the date the motion for new trial was overruled by operation of law. Rule 356, T.R. C.P. However, appellant's appeal bond was not filed until March 9, 1973, which is more than thirty days after the motion for new trial was overruled by operation of law. Such filing is not in compliance with

this rule. The filing of her appeal bond is jurisdictional and cannot be waived. Roth v. Maryland American General Insurance Company, 454 S.W.2d 779 (Tex.Civ.App., San Antonio, 1970, writ ref.); Kimberly Development Corporation v. First State Bank of Greens Bayou, 404 S.W.2d 631 (Tex.Civ.App., Houston, 1966, writ ref., n. r. e.).

Appellant has filed her supplemental transcript which contains letters of agreement between the parties in the case extending the time until February 16, 1973, for the trial court to act upon appellant's motion for a new trial. However, the record shows that these letters of agreement were not filed with the clerk of the trial court until January 26, 1973, which was after the motion for new trial was overruled by operation of law. Even though the letters of agreement were timely made they were not filed before the motion for new trial was overruled by operation of law and therefore comes too late to be in compliance with Rule 329b, T.R.C.P. Texas & New Orleans Railroad Co. v. Arnold, 388 S.W.2d 181 (Tex.1965).

█ It is without question that when our jurisdiction is invoked, the transcript must disclose affirmatively that we have such jurisdiction and that if it does not do so, our duty is to dismiss the appeal. Hilliard v. Hines, supra, and Miller v. Esunas, 401 S.W.2d 150 (Tex.Civ.App., Tyler, 1966, writ ref., n. r. e.).

Appellant's appeal bond having not been timely filed the transcripts fail to disclose that we have jurisdiction and the appeal must be dismissed. Hubbard v. Faulks, 159 S.W.2d 919 (Tex.Civ.App., Fort Worth, 1942, n. w. h.).

Appeal dismissed.

## ON MOTION FOR REHEARING

By an earlier opinion we dismissed this cause of action because it appeared from the record before us at that time that appellant's motion for new trial had been overruled by operation of law before the court by its written order overruled same on February 9, 1973, and consequently appellant's appeal bond was not timely filed and therefore this court was without jurisdiction.

Appellant has filed a motion for rehearing accompanied by affidavit proof that the letters of agreement between the parties to extend the time until February 16, 1973, for the trial court to act upon appellant's motion for new trial were deposited in the mail on January 24, 1973, which date was the day before the deadline for filing the same and was received by the Clerk of the District Court of Cherokee County on January 26, 1973, which date was well within the ten (10) days afforded by Rule 5 of the Texas Rules of Civil Procedure. The affidavit proof on file herein further shows that the envelope was properly addressed, stamped and was deposited in the United States (first class) Mail. It is also shown that the District Court had disposed of the envelope in which the letter agreements were received and therefore a postmark cannot be ascertained.

█ Appellant has shown by competent proof that the letters of agreement were mailed in accordance with Rule 5 of the Texas Rules of Civil Procedure and therefore were timely filed. Gaskin v. Perritt, 472 S.W.2d 211 (Tex.Civ.App., Texarkana, 1971, n. w. h.).

The record now before us does affirmatively show the jurisdiction of this court has been invoked. Therefore, the previous order of this court of May 3, 1973, dismissing this appeal is set aside and the Clerk is ordered to place this cause upon the docket of this Court.