W. Henry PUMPHREY et al., Appellants,

v.

Henry D. PUMPHREY et al., Appellees.

No. 14980.

Court of Civil Appeals of Texas, Austin.

July 23, 1975.

Rehearing Denied Sept. 10, 1975.

Amos Peters, Jr., Peters & Peters, Taylor, William S. Lott, Georgetown, for appellants.

James L. Cutcher, Barkley & Cutcher, Taylor, for appellees.

PER CURIAM.

Appellants, W. Henry Pumphrey, Parker Sturgis Pumphrey, and Andrew Beal Pumphrey, Sr., have filed with the Clerk of this Court a motion to extend time for filing a transcript and statement of facts in a cause from the district court of Williamson County. Appellees, Henry D. Pumphrey, John B. Pumphrey, and Ada Elizabeth Pumphrey Mason, responded in opposition to the motion. One of appellees' contentions is that this Court does not have jurisdiction to entertain the appeal for the reason that appellants' deposit of cash in lieu of an appeal bond was not filed within thirty days after the overruling of appellants' amended mo-

tion for new trial as required by Texas, Rules of Civil Procedure, rule 356(a). We are of the opinion that appellees' contention is well taken, and, accordingly, the appeal will be dismissed.

The sequence of events is as follows:

| December 23, 1974 | Judgment was entered |
| January 2, 1975 | Appellants' motion for new trial was filed |
| January 22, 1975 | Appellants' amended motion for new trial was filed |
| April 10, 1975 | Agreement to postpone Decision on Amended Motion for New Trial was filed |
| April 22, 1975 | The Order overruling the amended motion for new trial was entered |
| May 19, 1975 | The deposit of cash in lieu of appeal bond was filed |

Tex.R.Civ.P. 329b(3) provides in part that "All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, *unless by one or more successive written agreements of the parties in the case filed with the clerk of the court* the decision of the motion is postponed to a day certain specifically set out in any such agreement." (Emphasis added) The forty-five day period in the present case ended on March 10, 1975 and our question is whether the agreement *filed* a month later gave the trial court power to consider and act on the amended motion for new trial. The agreement, dated February 20, 1975, and signed by the attorneys for the parties, provided that the decision of the court in rendering the decision on the amended motion for new trial would be postponed until April 22, 1975.

The amended motion for new trial was overruled by operation of law on March 10, 1975, unless the time for acting on the same was legally extended on or before that date. *Texas Employers' Insurance Association v. Martin,* 162 Tex. 376, 347 S.W.2d 916 (1961). Insofar as the present proceeding is concerned, the agreement signed by the attorneys could have no operative effect as an agreement until it was filed on April 10, 1975. At the time that was done the amended motion for new trial had already been overruled by operation of law, and the parties were without power to postpone the decision of the motion. *Texas Employers' Insurance Association v. Martin, supra, Texas & New Orleans Railroad Co. v. Arnold,* 388 S.W.2d 181 (Tex.1965).

Appellants' cash deposit in lieu of the cost bond was filed seventy days after the amended motion for new trial was overruled by operation of law. Tex.R.Civ.P. 356(a) requires cost bonds or the cash deposit in lieu thereof to be filed within thirty days after the date of the judgment or order overruling the motion for new trial. Where, as here, the amended motion for new trial was overruled by operation of law, the period within which the cost bond or cash deposit must be filed begins from the date that the amended motion for new trial was overruled by operation of law. *Washington v. Golden State Mutual Life Insurance Co.,* 405 S.W.2d 856 (Tex.Civ.App. 1966), writ ref'd, 408 S.W.2d 227 (Tex.1966). Compliance with Rule 356 is mandatory and jurisdictional. *Washington v. Golden State Mutual Life Insurance Co., supra, Glidden Co. v. Aetna Casualty & Surety Co.,* 155 Tex. 591, 291 S.W.2d 315 (1956).

Appellants' motion for extension of time to file the transcript and statement of facts is overruled.