A. A. HULSEY, Individually and d/b/a Rio Maverick Oil Company, Appellant,

v.

Robert E. KEEL, Appellee.

No. 15692.

Court of Civil Appeals of Texas, San Antonio.

Sept. 15, 1976.

Rehearing Denied Oct. 13, 1976.

John R. Feather, Dallas, for appellant.

Royal D. Adams, Adams & Hunter, San Antonio, for appellee.

PER CURIAM.

This is an appeal from a judgment entered on a jury verdict in appellee's suit to reform an assignment of an oil and gas lease. Appellee has filed his motion to dismiss the appeal for want of jurisdiction wherein it is urged that the appellant's motion for new trial was overruled by operation of law on May 17, 1976, and the appeal was not timely perfected. The con-

trolling question presented is whether the time for decision of the motion for new trial was postponed in accordance with provisions of Rule 329b, Subd. 3.[1]

Rule 329b(3) provides:

All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by one or more successive written agreements of the parties in the case filed with the clerk of the court the decision of the motion is postponed to a day certain specifically set out in any such agreement. Any such day certain shall not be more than ninety (90) days after such original or amended motion is filed.

Judgment was signed on March 29, 1976, and appellant's motion for new trial was timely filed on April 2. On April 8, telephone conversations regarding a setting of such motion were had by appellant's attorney, the trial judge, and appellee's attorney. Pursuant to the suggestion of the trial judge, the attorneys verbally agreed to hear the motion for new trial on May 20. This date was confirmed by a letter of April 8, from appellant's attorney to appellee's attorney with a copy to the trial judge and the district clerk.[2] The latter filed his copy with the papers in this cause on April 12. The motion for new trial was heard on May 20, although the order overruling same was not signed until June 3. Notice of appeal was contained in the order overruling the motion for new trial.[3] The cost bond was filed on Monday, June 21.

■ Rule 329b(4) provides in part that, unless the decision has been postponed in accordance with subdivision three, a motion for new trial "will be overruled by operation of law forty-five (45) days after the same is filed, unless disposed of by an order rendered on or before said date." It is settled law that an order subsequently entered purporting to overrule the motion is a nullity and cannot have the effect of extending the time for filing the record in the appellate court. *Washington v. Golden State Mutual Life Ins. Co.,* 405 S.W.2d 856 (Tex.Civ.App.—Houston, writ ref'd), 408 S.W.2d 227 (Tex.1966); *Roth v. Maryland American General Ins. Co.,* 454 S.W.2d 779 (Tex.Civ.App.—San Antonio 1970, writ ref'd); *Flowers v. Muse,* 427 S.W.2d 727 (Tex.Civ.App.—San Antonio 1968, writ ref'd).

Appellee's attorney denies that there was an agreement postponing the decision of the motion for new trial beyond the forty-five days authorized for decision by Rule 329b, or even any discussion by the attorneys relative thereto. It is seen that there is no reference to Rule 329b or the time limitation of Rule 329b in the letter of April 8, relied on by appellant. However, it is not necessary for us to resolve this conflict of purpose in that such letter does not meet the requirements of a written agreement under Rule 11. It is there provided:

No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

■ In *Texas & New Orleans Railroad Co. v. Arnold,* 388 S.W.2d 181 (Tex.1965), the Supreme Court considered the requirements of an agreement under Rule 329b. It was there held that an unsigned agreement, although dictated into the record in open court, was not a written agreement as required by Sections 3 and 4 of Rule 329b. The Court held that Rule 11 and 329b should be considered together. When this is done, there must be a written agreement signed by the parties and timely filed with

---

1. All rule references are to Texas Rules of Civil Procedure.

2. The letter from appellant's attorney to appellee's attorney states:

"As we discussed by telephone and in accordance with Judge Thurmond's suggestion, I am asking the Clerk to set the Motion for New Trial for hearing in Eagle Pass at 2:00 p. m., Thursday, May 20, 1976.

By copy of this letter I am asking the Clerk to advise Judge Thurmond of the setting.

Thank you for your cooperation."

3. No notice of appeal was required by Rule 353, as amended effective January 1, 1976.

the clerk to postpone the decision. Nor can this requirement be waived by the conduct of the parties. *Haase v. Greutzmacher,* 521 S.W.2d 666 (Tex.Civ.App.—San Antonio 1975, no writ).

There was no such written agreement here which was signed by the attorneys or parties whereby the decision of the motion for new trial was postponed. Thus, the motion for new trial was overruled by operation of law on May 17, 1976. Appellant's appeal bond was not filed within thirty days thereafter as required by Rule 356. This rule is mandatory and jurisdictional and compliance cannot be waived. *Glidden Co. v. Aetna Casualty & Surety Co.,* 155 Tex. 591, 291 S.W.2d 315 (1956); *Roth v. Maryland American General Ins. Co., supra.* We have no alternative but to dismiss this appeal for want of jurisdiction.

The appeal is dismissed.