Samuel CARDONA, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 1325.

Court of Civil Appeals of Texas, Corpus Christi.

April 27, 1978.

Rehearing Denied May 18, 1978.

Jack K. Dahlberg, Jr., Corpus Christi, for appellant.

James W. Wray, Jr., Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

Appellee has filed a motion to dismiss for want of jurisdiction in this cause on the basis that the appeal bond was filed more than 30 days after appellant's motion for new trial was overruled. The pertinent dates involved are:

| | |
|---|---|
| July 25, 1977 | judgment |
| July 29, 1977 | motion for new trial filed |
| August 16, 1977 | (a) Amended motion for new trial filed.<br>(b) Letter written to court co-ordinator stating parties agreed to extend the time for determination of the amended motion for new trial to a date certain, i. e. October 7, 1977. |
| August 23, 1977 | Above letter dated August 16, 1977 filed in clerk's office. |
| October 7, 1977 | Second letter to court coordinator stating parties had agreed to an additional extension of time to a date certain, i. e. October 20, 1977. |
| October 14, 1977 | Above letter dated October 7, 1977 filed |
| November 2, 1977 | Order overruling motion for new trial signed (recited hearing was held October 7, 1977). |
| November 7, 1977 | 30th day after October 7, 1977 |
| November 14, 1977 | 90 days after amended motion for new trial filed. |
| November 21, 1977 | (a) Order nunc pro tunc overruling motion for new trial (recites date of hearing was October 20, 1977 rather than October 7, 1977 as stated in order of November 2, 1977)<br>(b) appeal bond filed<br>(c) 30th day after October 20, 1977 |

Appellee asserts the second agreement to extend the time for the determination of the motion for new trial was a nullity because it was filed after the expiration of the time to which the first extension was agreed; that the motion for new trial was therefore overruled by operation of law on October 7, 1977; and the appeal bond must have been filed no later than November 7, 1977 to be timely under Rule 356.

Appellant replies that the second agreement was reached October 7, 1977, and the date of filing is immaterial so long as an agreement otherwise correct is filed in the papers of the cause at some time.

Rule 329b(3), T.R.C.P. provides:

"3. All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by one or more successive written agreements of the parties in the case *filed* with the clerk of the court the decision of the motion is postponed to a day certain specifically set out in any such agreement. Any such day certain shall not be more than ninety (90) days after such original or amended motion is filed." (Emphasis supplied)

The question to be determined is whether the letter dated October 7, 1977, by which the parties agreed to extend the time for determination of the amended motion for new trial to October 20, 1977, was effective in so extending the time. If so, the amended motion for new trial was overruled on October 20 and the appeal bond filed November 21 was timely. If not, the amended motion for new trial was overruled October 7 because the written agreement was not filed as of that date, and the appeal must be dismissed for want of jurisdiction.

 Rule 329b(3) clearly requires a motion or amended motion for new trial to be determined within 45 days unless three events occur: (1) the parties agree in writing to extend the time to a date certain, which does not exceed 90 days after the amended motion for new trial is filed; (2) the written signed agreement is filed with

either the clerk or the judge; and (3) that *both* of these events occur before the time is effectively extended. The later requirement was held mandatory by the Supreme Court in *Texas Employers' Insurance Assoc. v. Martin,* 162 Tex. 376, 347 S.W.2d 916 (1961). In that case, the written agreement was filed after the expiration of the date on which the motion for new trial was overruled by operation of law. The Court stated:

"The date it was signed is not disclosed by the record, but we will take it for granted that both attorneys executed the same within forty-five days after the amended motion for new trial was filed. . . . Rule 11 provides that 'no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed *and filed with the papers as part of the record,* or unless it be made in open court and entered of record.' This is one of the general rules appearing in Part I of our Rules of Civil Procedure, and Rule 329–b must be read in light of its provisions. In so far as the present proceeding is concerned, the instrument signed by the attorneys could have no operative effect as an agreement until it was filed on July 15th. At the time that was done the amended motion for new trial had already been overruled by operation of law, and the parties were then without power to postpone the decision of the motion." (emphasis original). Id. at 917, 347 S.W.2d at 917.

The question of the need to timely file the written agreement was raised in several recent cases, all of which follow the *Martin* case. In *Hogg v. Washington National Insurance Co.,* 495 S.W.2d 25 (Tex.Civ.App.— Tyler 1973, no writ), the Court held the date of filing was critical, and reinstated an appeal only after affidavits were filed to show the agreement was mailed to the clerk one day prior to the date the motion for new trial would have been overruled by operation of law, and therefore the filing was timely under Rule 5, T.R.C.P. Filing was also considered critical in *Pumphrey v. Pumphrey,* 527 S.W.2d 216 (Tex.Civ.App.— Austin 1975, writ ref'd n. r. e.). In that case, the agreement was signed approximately three weeks before the motion for new trial would be overruled by operation of law, but the agreement was not filed until a month after the 45-day period expired. The Court quoted the rule from the *Martin* case and dismissed the appeal. In agreement is *Hulsey v. Keel,* 541 S.W.2d 656 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.), wherein the Court stated, " . . . there must be a written agreement signed by the parties and *timely filed* with the clerk to postpone the decision. Nor can this requirement be waived by the conduct of the parties." (emphasis added). Id. at 657–8.

 We conclude that appellee's contention has merit. The parties must not only agree to the extension of time for the determination of the motion or amended motion for new trial, but such written agreement must be *timely filed* with the clerk of the court. In the case at bar, the written agreement appears to be timely executed, but it was not filed until after the expiration of the time to which the first extension was validly made. Therefore, appellant's amended motion for new trial was overruled by operation of law on October 7, 1977, and the appeal bond filed November 21, 1977, was too late. This Court has no jurisdiction to hear the appeal. The appeal is dismissed.