The MORRIS COUNTY NATIONAL
BANK, Appellant,

v.

R. B. STOVALL, Jr., Appellee.

No. 78–69.

Court of Civil Appeals of Texas,
Texarkana.

Aug. 8, 1978.

Norman C. Russell, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

J. D. McLaughlin, Fisher, McLaughlin & Harrison, Paris, for appellee.

CORNELIUS, Chief Justice.

Appellant has presented to us a transcript and a motion to allow its late filing. The record reveals that the judgment below was rendered on December 14, 1977. Motion for new trial was filed on December 20, 1977, and was originally set for determination by the court on January 27, 1978. The motion was not acted upon at that time, however, and on February 3, 1978, being the 45th day after the filing of the motion for new trial, appellant and appellee filed a written agreement providing that the date for "hearing" the motion for new trial would be extended to February 24, 1978. No action was taken on that day. By a second agreement dated on that day, *but not filed until March 10, 1978*, the appellant and appellee again agreed to extend the date for "hearing" the motion for new trial, this time until March 20, 1978. The court did not act on the motion at that time; but on March 21, the 91st day after the filing of the motion, the court entered an order overruling it.

Rule 329b, Tex.R.Civ.P., provides in part as follows:

"  .   .   .

"3. All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by one or more successive written agreements of the parties in the case filed with the clerk of the court the decision of the motion is postponed to a day certain specifically set out in any such agreement. Any such day certain shall not be more than ninety (90) days after such original or amended motion is filed.

"4.   .   .   . In the event an original motion   .   .   . for new trial be not presented within thirty (30) days after the date of the filing thereof,   .   .   . such motion will be overruled by operation of law forty-five (45) days after the same is filed,   .   .   . In the event the decision of the motion is postponed by any written agreement as provided in subdivision 3 of this rule then any such original or amended motion, if not deter-

mined by the court, will be overruled by operation of law ninety (90) days after the same is filed or on the latest day certain agreed upon, whichever occurs first."

Unless the day for its decision was extended to a day not more than 90 days from its filing, the motion for new trial would have been overruled by operation of law on February 3, 1978, the 45th day after its filing. The parties' agreement, filed on that day, extended the date for "hearing" said motion to February 24, 1978. Our Supreme Court has expressed doubt as to whether extending the date for *hearing* a motion for new trial, as distinguished from the date for the *decision* of such motion, is effective to extend the time under the provisions of Rule 329b. *Texas Employers' Insurance Association v. Martin*, 162 Tex. 376, 347 S.W.2d 916 (1961); see also *Texas Pac. Indem. Co. v. Building Material Dist., Inc.*, 502 S.W.2d 922 (Tex.Civ.App. Dallas 1973, no writ); *Kolb v. Central Freight Lines, Inc.*, 456 S.W.2d 561 (Tex.Civ.App. Waco 1970, no writ). Even if the agreement was effective to extend the date of decision to February 24, the motion was not acted upon and was overruled by operation of law at that time. Rule 329b, Sec. 4, Tex.R.Civ.P. The second extension agreement shows to have been dated on February 24, 1978, *and had it been filed then*, it might have been effective to further extend the date of decision (although it also only purported to extend the date of "hearing" rather than the date of decision), but the agreement could not become effective until it was filed on March 10. See *Texas Employers' Insurance Association v. Martin*, supra. As the motion for new trial had already been overruled by operation of law at that time, both the second extension agreement and the court's order of March 21 were nullities. It follows that the transcript must have been filed within 60 days from February 24, 1978 (on or before April 25, 1978), unless a motion under Rule 21c, Tex.R.Civ.P., was filed within 15 days after that date, which would have been May 10, 1978. Appellant's Rule 21c motion was not filed in this Court until May 30. Consequently, this Court has lost jurisdiction of the appeal, appellant's motion must be overruled, and the cause must be dismissed.

IT IS SO ORDERED.

ODEN, J., not participating.