Christine Tweedy DUNCAN, Appellant,

v.

William TWEEDY, Appellee.

No. 22985.

Court of Civil Appeals of Texas, Dallas.

May 25, 1979.

Wm. A. Bratton, III, Dallas, for appellant.

James H. Cummings, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and STOREY, JJ.

GUITTARD, Chief Justice.

The question for decision is the sufficiency of an agreement to postpone the ruling on a motion for new trial under rule 329b(3) of the Texas Rules of Civil Procedure. We hold that a letter to the judge signed by appellant's counsel stating that both parties had agreed to postpone the ruling to a certain date is not sufficient and that a written agreement to the same effect signed by both counsel and filed after expiration of the forty-five day period allowed by the rule is ineffective.

Our clerk has previously declined to file the transcript tendered by appellant on the ground that the bond was not filed within thirty days after the motion for new trial was overruled by operation of law, as required for perfection of the appeal by rule 356 of the Texas Rules of Civil Procedure. Appellant now tenders a supplemental transcript containing a written agreement of counsel to postpone ruling on the motion for new trial to the date specified in the earlier letter from appellant's counsel to the judge. This agreement, however, was not filed with the clerk of the trial court within the forty-five day period. No order overruling the motion for new trial appears in either transcript. If the agreement to postpone the ruling is effective, the motion was overruled by operation of law on the date specified in the agreement and the bond was filed in good time.

Appellant contends that the agreement to postpone is effective because the letter stating the agreement was filed within the forty-five day period. This contention is untenable because, as held in *Hulsey v. Keel*, 541 S.W.2d 656 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.), rule 329b(3) requires that an agreement signed by both parties be filed within that period. Appellant seeks to distinguish *Hulsey* on the ground that in that case the appellee's attorney denied the agreement and, consequently, the court applied rule 11 of the Texas Rules of Civil Procedure, which requires agreements of counsel to be in writing. Appellant points out that in the present case appellee's counsel has signed an agreement, which has been filed and appears in the supplemental transcript.

We cannot agree that the agreement subsequently filed satisfies the requirements of rule 329b(3). This rule requires that the agreement be filed before expiration of the forty-five day period. If the agreement is not filed within that time, the motion is overruled by operation of law after forty-five days and any agreement filed later is a nullity. *Texas Employers' Ins. Ass'n v. Martin*, 162 Tex. 376, 347 S.W.2d 916 (1961); *Cardona v. Texas Employers' Ins. Ass'n*, 566 S.W.2d 78 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n. r. e.); *Longview Transit Co. v. Ferchill*, 312 S.W.2d 407, 409 (Tex.Civ.App.—Texarkana 1958, no writ). The subsequent agreement does not meet the requirements of the rule because jurisdiction cannot be conferred by agreement, and neither can lack of jurisdiction be waived. *Haase v. Greutzmacher*, 521 S.W.2d 666, 667 (Tex.Civ.App.—San Antonio 1975, no writ).

In support of the contention that a subsequently-filed agreement to postpone may be effective, appellant cites *Hogg v. Washington National Ins. Co.*, 495 S.W.2d 25 (Tex.Civ.App.—Tyler 1973, no writ). In that case, however, the signed agreement was addressed to the clerk and deposited in the mail before expiration of the forty-five day period and, for that reason, was held to be filed in proper time under the provisions of rule 4 of the Texas Rules of Civil Procedure. There is no contention that rule 4 is applicable in this case.

In conclusion, we observe that this case is another example of how an appeal may be lost because of obscure jurisdictional requirements that often serve as hazards for the unwary. The provision in rule 329b(3) for postponement of the ruling on a motion for new trial is especially fraught with hazard because it contains several requirements, each of which is a matter of jurisdiction if the postponement is relied on to extend the time for perfecting the appeal.[1] In our opinion, the appellate rules should be simplified by reducing such hazards, and one desirable simplification would be to eliminate the provision for an agreed postponement in rule 329b(3), which serves little purpose but delay in most cases.

Appellant's motion to file the transcript and supplemental transcript is overruled, and the clerk is directed not to accept any part of the record for filing.

---

**1.** Other situations in which the appeal may be lost because of noncompliance with various provisions of rule 329b(3) include:

(1) Agreement dictated to court reporter. *Texas & N.O.R.R. v. Arnold*, 388 S.W.2d 181 (Tex.1965);

(2) Agreement recited in order overruling motion. *Hester v. Keefer*, 497 S.W.2d 642 (Tex.Civ.App.—Waco 1973, no writ);

(3) Agreement postponing hearing rather than decision. *Texas Pac. Indem. Co. v. Building Material Distributors, Inc.*, 502 S.W.2d 922 (Tex.Civ.App.—Dallas 1973, no writ);

(4) Agreement failing to specify date for decision. *Moore v. Decuir*, 286 S.W.2d 471 (Tex. Civ.App.—Galveston 1956, writ ref'd n. r. e.);

(5) Agreement postponing decision to specified date "at the earliest practicable date thereafter." *Holland v. Foley Bros. Dry Goods Co.*, 324 S.W.2d 430 (Tex.Civ.App.—Texarkana 1959, writ ref'd n. r. e.).