

# NUMBER 13-10-154-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

**GULF ENERGY EXPLORATION CORP. ,**                                          **Appellant,**

**v.**

**FUGRO CHANCE, INC.,**                                                                  **Appellee.**

## On appeal from the 267th District Court of Calhoun County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela**
**Memorandum Opinion by Justice Vela**

Appellant, Gulf Energy Exploration Corporation ("Gulf Energy"), has filed a motion for leave to file notice of appeal of an interlocutory order. After reviewing the clerk's record, appellee Fugro Chance, Inc.'s ("Fugro Chance") response, Gulf Energy's reply, and Fugro Chance's sur-reply, we are of the opinion that we lack jurisdiction over this cause.

Therefore, we deny Gulf Energy's motion and dismiss the interlocutory appeal for want of jurisdiction.

On September 23, 2009, Fugro Chance filed a motion to dismiss Gulf Energy's lawsuit against it in the trial court, pursuant to Texas Civil Practice and Remedies Code section 150.002. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (Vernon Supp. 2009). The order of dismissal was signed on December 18, 2009.[1] Chapter 150 of the civil practice and remedies code provides that in any action for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff must file an affidavit of a licensed or registered professional who practices in the same field. *Id.* § 150.002(a). The affidavit must be filed contemporaneously with the complaint. *Id.* Failure of file the affidavit "shall result in dismissal of the complaint against the defendant." *Id.* An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order. *Id.* § 150.002(f). Appeals under the statute are accelerated. *See Kniestedt v. Southwest Sound and Elecs., Inc.*, 281 S.W.3d 452, 454 (Tex. App.–San Antonio 2007, no pet.).

The Texas Rules of Appellate Procedure provide: "Appeals from interlocutory orders (when allowed as of right by statute). . . and appeals required by law to be filed or perfected within less than 30 days after the date of the order or judgment being appealed are accelerated appeals." TEX. R. APP. P. 28.1(a). An accelerated appeal is perfected by filing a notice of appeal within twenty days after the judgment or order is signed as allowed

---

[1]Gulf Energy Exploration Corporation filed suit against The Railroad Commission of Texas, Superior Energy Services, L.L.C. and Fugro Chance, Inc. On December 18, 2009, in addition to granting the dismissal against Fugro, the trial court also denied the Railroad Commission's plea to the jurisdiction, which is currently pending before this Court in cause number 13-10-00015-CV. The record reflects that Superior has been served and has answered the lawsuit.

by Texas Rule of Appellate Procedure 26.1(b) or as extended for fifteen days by Texas Rule of Appellate Procedure 26.3(a). Filing a motion for new trial, any other post-trial motion, or request for findings of fact will not extend the deadline for filing an accelerated appeal. TEX. R. APP. P. 28.1(b). The post judgment motions listed in rule 26.1 will not operate to extend the appellate deadlines in an accelerated appeal, and filing "a motion for new trial does not constitute a bona fide attempt to invoke the court of appeals' jurisdiction for purposes of perfecting an appeal." *In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2005).

The order dismissing the claim against Fugro was signed on December 18, 2009. Gulf Energy was required to file its notice of appeal twenty days later, by January 7, 2010. Gulf Energy filed its motion to modify and clarify the order or for new trial on January 13, 2010. This filing did not extend the deadline. TEX. R. APP. P. 28.1(b). Gulf Energy's motion to extend time to file its notice of appeal was due within fifteen days after January 7, 2010, or by January 22, 2010. TEX. R. APP. P. 26.3. Gulf Energy did not file its notice of appeal until March 30, 2010 and its motion to extend time to file its notice of appeal until March 31, 2010.

When an appellant fails to timely perfect its appeal, this Court is without jurisdiction. *Texas Employment Ins. Ass'n v. Martin*, 347 S.W.2d 916, 917 (Tex. 1961). Gulf Energy urges that we could interpret its motion for new trial as a motion for extension of time to file a notice of appeal. The supreme court has foreclosed that option, stating that a motion for new trial does not extend the deadline for filing a notice of appeal in an accelerated case. *In re K.A.F.,*160 S.W.3d at 924.

In summary, the trial court's order dismissing Fugro was an interlocutory order that was accelerated. The order was signed on December 18, 2009, and the deadline for

3

perfecting the appeal was January 7, 2010. Gulf Energy did not meet the deadline. The deadline for filing a motion for extension of time to file the notice of appeal was January 22, 2010. Gulf Energy did not meet this deadline either.

Therefore, we deny Gulf Energy's motion for leave to file notice of appeal and dismiss the interlocutory appeal for want of jurisdiction.


ROSE VELA
Justice



Delivered and filed the 8th
day of July, 2010.


4