# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-11-00236-CV
---

**John Koo-Hyun Kim, Appellant**

**v.**

**Austin Community College President/CEO Stephen B. Kinslow and
Government Department Chair Glen Hunt and Others, Appellees**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-GN-07-00520, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

Pro se appellant John Koo-Hyun Kim filed an original petition complaining that Austin Community College (ACC) did not continue his employment after he taught American government during the 2006 summer term. Kim sued appellee Stephen B. Kinslow, as "President/CEO" of ACC, and "President/Chair" John Hernandez (the ACC defendants), as well as Attorney General Greg Abbott, Senator Kirk Watson, Representative Mark Strama, the Texas Workforce Commission, and a law firm that represented ACC. Abbott, Watson, Strama, and the Workforce Commission were dismissed in an order granting their plea to the jurisdiction, and the law firm was dismissed in an order granting its motion for summary judgment. Kinslow and Hernandez, the only remaining defendants, filed a motion to consolidate the cause (trial court number D-1-GN-07-00520) with another cause with the same style (trial court cause number D-1-GN-07-00586). On July 14, 2007, the trial court granted the motion, ordering the

suit to proceed under cause number GN-07-00586. On November 19, 2007, the trial court signed an order granting the ACC defendants' amended motion to dismiss Kim's claims against them in cause GN-07-00586; the order included a note that GN-07-00520 had been consolidated into GN-07-00586 by court order.[1] Even after that order, which dismissed the last of Kim's claims, was signed, Kim continued to file documents under both cause numbers.[2]

In August 2009,[3] in response to a notice from the trial court that cause number GN-07-00520 was subject to dismissal for want of prosecution,[4] Kim filed a motion to retain the case, and on September 23, 2009, the trial court signed an order granting the motion to retain; the order was filed by the district clerk's office on September 29, 2009. On October 29, 2009, the trial court held a hearing on the ACC defendants' motion for judgment nunc pro tunc and signed an order taking judicial notice that cause GN-07-00520 had been consolidated into cause

---

[1] The clerk's record is more than 700 pages long but does not include some of the documents referenced by court orders or other filings, including the ACC defendants' motion to dismiss. We glean their existence from references made in the court's orders, other filings that appear in the record, or the trial court's docket sheet.

[2] Kim did not file a motion for new trial or for reconsideration, filings that would have extended his appellate deadline from thirty days to ninety. *See* Tex. R. App. P. 26.1(a). At any rate, any such motion would have been overruled by operation of law seventy-five days after its timely filing. *See* Tex. R. Civ. P. 329b(c).

[3] Kim filed two documents titled, "Motion to Retain." One was dated August 14, 2009, and the other was dated both August 14 and August 17. The August 14 document has a handwritten notation stating, "8/21/09 #589," and the document with two dates has a similar note. Both documents were file-stamped by the district clerk's office on September 29, 2009, six days after the trial court signed the order retaining the cause on the docket.

[4] The letter informing Kim that GN-07-00520 was subject to dismissal was apparently sent due to clerical error or confusion about whether that cause was still active, confusion that might have been exacerbated by Kim's continuing to file documents under that cause number.

2

GN-07-00586, which was in turn dismissed for want of prosecution on August 31, 2009.[5] The court vacated its erroneous order granting Kim's motion to retain, denied the motion, and ordered the district clerk to close GN-07-00520 and not to accept any further filings in that cause. Kim continued to file documents in cause GN-07-00520, as well as GN-07-00586. On April 12, 2011, Kim filed a notice of appeal in cause GN-07-00520, naming Kinslow and, for the first time, "ACC Government Chair Glen Hunt, John Koo-hyun Kim's mentor Professor Jeff Millstone and others" as appellees. We dismiss the appeal for want of jurisdiction.

As appellees note, cause GN-07-00520 was consolidated into GN-07-00586 on July 14, 2007, and ceased to exist as of that date.[6] The trial court signed an order in GN-07-00586 dismissing Kim's claims against the ACC defendants, the last remaining defendants, on November 19, 2007. For whatever reason, the trial court signed an order dismissing cause GN-07-00586 for want of prosecution about one and one-half years later, on August 31, 2009. Kim did not file his notice of appeal until April 2011, more than one and one-half years later. Therefore, we lack jurisdiction over this appeal. *See* Tex. R. App. P. 26.1 (notice of appeal must be filed within thirty days of judgment, ninety days if certain kinds of motions are filed, or

---

[5] Neither the ACC defendants' motion for judgment nunc pro tunc nor the August 2009 dismissal order appears in the record.

[6] Kim has filed several documents that he calls briefs or reply briefs, including one filed after appellees filed their brief. None of Kim's "briefs" comply with rule 38.1 of the rules of appellate procedure and all are very difficult to decipher; some incorporate unrelated assertions concerning other cases Kim has filed complaining about his son's deportation and the treatment of a minister at Kim's church by the national church organization. *See* Tex. R. App. P. 38.1. Kim also notes that he has been declared a vexatious litigant by the trial court and attacks that determination as well. Kim does not, however, provide any argument or explanation to counter appellees' argument that this appeal must be dismissed for lack of jurisdiction.

within six months in restricted appeal); *Texas Emp'rs Ins. Ass'n v. Martin*, 347 S.W.2d 916, 917 (Tex. 1961) (because appeal was not perfected within thirty days of judgment, court of appeals "did not acquire jurisdiction"); *see also Hall v. U.S. Bank Nat'l Ass'n*, No. 03-08-00488-CV, 2008 Tex. App. LEXIS 9906, at *3-5 (Tex. App.—Austin Dec. 12, 2008, pet. denied) (explaining date from which appellate deadlines ran and dismissing for lack of jurisdiction due to late notice of appeal); *Plaza Motors, Inc. v. Bergstrom*, No. 03-08-00295-CV (Tex. App.—Austin Aug. 7, 2008, no pet.) (because notice of appeal was filed late, court was "without jurisdiction to consider the appeal").

Because Kim's notice of appeal was filed well beyond the thirty-day deadline set out in rule 26.1, we are without jurisdiction to consider the appeal. We dismiss the appeal for want of jurisdiction and dismiss all pending motions that have been filed but not yet ruled on by this Court. *See* Tex. R. App. P. 42.3(a) (appellate court may dismiss for want of jurisdiction "on any party's motion").

_____

David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Dismissed for Want of Jurisdiction

Filed:   December 28, 2011